Nile James SMITH and Norman Jean Smith, Appellees,

v.

The STATE of Iowa, John Barlow, Duane Barton, Dennis Chapman, Jerry Corbett, Terry Hoil, Terry Johnson, Paul Newby, Andrew Newquist, Tom Randolph, Ron Mower, Al Stenbeck, Marlin Wimmer, and Terry Pullman, Appellants.

No. 66119.

Supreme Court of Iowa.

Sept. 29, 1982.

Rehearing Denied Oct. 21, 1982.

Thomas J. Miller, Atty. Gen., Mark E. Schantz, Sol. Gen., and John Hendricks, Law Student Intern for all appellants except John Barlow and Paul Newby.

Francis Fitzgibbons, Estherville, for appellants John Barlow and Paul Newby.

Joseph L. Hanson, Emmetsburg, for appellees.

LeGRAND, Justice.

This interlocutory appeal presents identical issues involved in four separate suits which were consolidated for hearing in the trial court and for this appeal. Our opinion relates to all four cases, but for convenience we discuss them as though they were but a single controversy.

This matter had its genesis in a double murder committed on October 23, 1976. An investigation by the Iowa Division of Criminal Investigation (D.C.I.) resulted in an information charging plaintiffs with murder contrary to Iowa Code section 609.1. A jury trial resulted in the acquittal of both plaintiffs on July 9, 1977.

After the State Appeal Board rejected plaintiffs' claim asserted under the provision of Iowa Code chapter 25A, plaintiffs started this action based upon negligent investigation by the D.C.I. Defendants filed a motion to dismiss, which was overruled (except as to several of the grounds of negligence asserted by plaintiffs), and defendants now appeal that ruling.

The action was brought under Iowa Code chapter 25A (Iowa Tort Claims Act). Plaintiffs ask a total of approximately $4,000,000 in damages. The action is based exclusively on allegations of negligent investigation. There is no charge that the criminal action was without probable cause or that it was brought maliciously.

Defendants' motion to dismiss can be sustained only if the petition fails to state a cause of action upon which relief could be granted under any circumstances. *Cole v. Taylor,* 301 N.W.2d 766, 767 (Iowa 1981); *Weber v. Madison,* 251 N.W.2d 523, 525 (Iowa 1977). The result depends upon our construction of section 25A.2(5)(a) and (b). Subsection (a) defines claims against the State. Subsection (b) defines claims against employees of the State.

A claim under the Iowa Tort Claims Act in section 25A.2(5)(a) and (b) in relevant part is as follows:

5. "Claim" means

a. Any claim against the state of Iowa for money only, on account of damage to or loss of property or on account of personal injury or death, caused by the negligent or wrongful act or omission of any employee of the state while acting within the scope of his office or employment, under circumstances where the state, if a private person, would be liable to the claimant for such damages, loss, injury, or death.

b. Any claim against an employee of the state for money only, on account of damage to or loss of property or on account of personal injury or death, caused by the negligent or wrongful act or omission, except an act of malfeasance in office or willful and wanton conduct, of any employee of the state while acting within the scope of his office or employment.

In order to prevail, plaintiffs' petition must state a cause of action under the Iowa Tort Claims Act. This presents the determinative issue: Does a claim for damages resulting from negligent investigation of a crime by D.C.I. agents assert a tort under our law? Defendants argue there is no tort of negligent investigation of a crime. We agree, and we therefore reverse the trial court and remand the case for entry of judgment accordingly.

Plaintiffs have cited no authority, nor have we found any, which recognizes an independent tort for negligent investigation of crime by law enforcement officers. Even an opinion strongly relied on by plaintiffs, recognizing a claim for negligent record keeping by a governmental agency, was careful to reserve the question of liability for negligent investigation of crime. *Zerbe v. Alaska,* 578 P.2d 597, 601, n. 7 (Alaska 1978). Plaintiffs' other principal authority, *Quinones v. United States,* 492 F.2d 1269, 1276 (3rd Cir. 1974) (negligent keeping of employment records recognized as independent tort under Pennsylvania law), does not reach the present question.

Although some courts, including our own, have reached a different result under similar, but not identical circumstances, *e.g., Neustadt v. United States,* 366 U.S. 696, 706–07, 81 S.Ct. 1294, 1300, 6 L.Ed.2d 614, 621–22 (1961); *Hoesl v. United States,* 451 F.Supp. 1170, 1175 (N.D.Cal.1978), *aff'd* 629 F.2d 586, 587 (9th Cir. 1980) (per curiam); *Hubbard v. State,* 163 N.W.2d 904, 911–12 (Iowa 1969), we need not attempt to distinguish these cases because we deal here with a different question—negligent investigation of a crime by law enforcement officers.

Cases from other jurisdictions which deny recovery for negligence in investigating or prosecuting crime include *Bromund v. Holt,* 24 Wis.2d 336, 129 N.W.2d 149, 153–54 (1964); *Montgomery Ward Co. v. Pherson,* 129 Colo. 502, 508, 272 P.2d 643, 646 (1954); *Wilson v. O'Neal,* 118 So.2d 101, 105 (Fla. App.1960); *Johnson v. City of Pacifica,* 4 Cal.App.3d 82, 86–87, 84 Cal.Rptr. 246, 249 (1970).

In *Bromund* a pathologist employed by the coroner rendered a negligent autopsy report which was a substantial factor in the prosecution of Bromund for manslaughter, a charge that was later non-suited. Bromund sued the pathologist on several grounds, one of which was negligence. In discussing the negligence claim, the Wisconsin Supreme Court denied the claim, holding that the interest in freedom from unjustifiable criminal prosecution is not protected from *unintentional* tort. 129 N.W.2d at 155.

The Colorado Supreme Court reached the same result in *Montgomery Ward Co.,* where this appears:

It is for the best interests of society that those who offend against the laws of the state shall be promptly punished, and that any citizen who has reasonable grounds to believe that the law has been violated shall have the right to cause the arrest of the person whom he honestly and in good faith believes to be the offender. For the purpose of protecting him in so doing, it is the generally established rule that if he has reasonable grounds for his belief, and acts thereon in good faith in causing the arrest, he shall not be subjected to damages merely be-

cause the accused is not convicted. The rule is focused on the grounds of public policy in order to encourage the exposure of crime.

129 Colo. at 508, 272 P.2d at 646.

We find a similar statement in *Wilson v. O'Neal:*

> The public policy aspects of our holding on this appeal are easily apparent. On the one hand, surely citizens should be given some protection against the irresponsible instituting against them of civil or criminal proceedings by other persons, even law enforcement officers. [Citation omitted]. On the other hand, law enforcement and the protection of society from crime would likely be adversely affected if law enforcement agents were subject to liability in damages for simple negligence in the performance of their duties if the citizens they charge with crime should not be convicted. [Citation omitted]. The requirement, established for generations, in malicious prosecution of the proof of malice and want of probable cause seems consistent with both of these considerations. In any event, no sufficient reason appears why this time-honored requirement in malicious prosecution should be now discarded in favor of an action of negligence, as here, for careless performance of duty and failure to make due inquiry, without a showing of malice and want of probable cause.

118 So.2d at 105.

Although these cases involve different factual situations and arise under a variety of circumstances, they all rely on public policy and the interest of the public in vigorous and fearless investigation of crime for the results reached.

This court has not heretofore been faced with the present problem, but, in *Brody v. Ruby,* 267 N.W.2d 902 (Iowa 1978), we considered a related question in another context. In *Ruby* a physician had successfully defended a malpractice suit brought against him. Later he attempted to sue the malpractice plaintiff and her attorney for failing to properly investigate the claim before bringing suit against him. We held no such

action would lie, basing our decision on public policy grounds. We said free access to the courts requires that litigants and their lawyers be allowed to bring suit based on probable cause and absent malice without fear of reprisal if unsuccessful. We said:

> This same public interest [free access to the courts] demands that we reject any effort to extend the tort liability for the wrongful filing of a lawsuit beyond the ambit of an action for malicious prosecution or abuse of process. These considerations apply with equal force, not only to a party litigant, but to his counsel, [citation], since a litigant's free access to the courts would frequently be of little value to him if he were denied counsel of his choice by a rule which rendered attorneys fearful of being held liable as insurers of the merits of their client's case, and therefore unwilling to undertake representation in close or difficult matters. The very purpose of a court of law is to determine whether an action filed by a party has merit and we refuse to recognize a rule which would render a litigant and his attorney liable in tort for negligently ... failing to determine in advance that which, ultimately, only the courts could determine.

267 N.W.2d at 907 (quoting from *Lyddon v. Shaw,* 56 Ill.App.3d 815, 822, 14 Ill.Dec. 489, 494, 372 N.W.2d 685, 690 (1978)).

These public policy considerations are even more persuasive in the instant case. The public has a vital stake in the active investigation and prosecution of crime. Police officers and other investigative agents must make quick and important decisions as to the course an investigation shall take. Their judgment will not always be right; but to assure continued vigorous police work, those charged with that duty should not be liable for mere negligence.

Plaintiffs rely on *Wilson v. Nepstad,* 282 N.W.2d 664 (Iowa 1978), but we find it is distinguishable. *Nepstad,* brought under the Municipal Tort Act, held the city could be liable for fire damage resulting from a negligent building inspection. *Nepstad*

does not involve the public policy considerations of the present case. It simply extends to a municipality responsibility for negligence which, if committed by private individuals, would have resulted in liability.

In view of the well fixed rule that, for persuasive public policy reasons, law enforcement officers have no liability for mere negligence in the investigation of crime, we do not believe the legislature, in enacting the Iowa Tort Claims Act, intended to create a new and hitherto unrecognized tort.

The defendants' motions to dismiss should have been sustained, and we reverse for entry of judgment accordingly.

REVERSED AND REMANDED WITH INSTRUCTIONS.

All Justices concur except CARTER, J., who takes no part.