Janice Lynn HILDENBRAND, as Administrator of the Estate of Roger Dean Hildenbrand, deceased, Appellant,

v.

Jerry COX, Individually and in his official capacity; City of Corydon, Iowa, an Iowa municipality, Appellees,

and

Kelly's Place, Ltd., an Iowa corporation, Defendant.

No. 84–1031.

Supreme Court of Iowa.

June 19, 1985.

---

1. 1983 Iowa Acts ch. 177, § 6.

Bruce Graham of Shelton, P.C., Chariton, for appellant.

Larry D. Spaulding and Bruce G. Kelley of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellees.

Alfredo G. Parrish, Des Moines, for appellee Jerry Cox.

Considered by McCORMICK, P.J., and McGIVERIN, SCHULTZ, CARTER and WOLLE, JJ.

WOLLE, Justice.

On March 24, 1983, Corydon police officer Jerry Cox investigated an accident in which an automobile driven by Roger D. Hildenbrand collided with a flower pot in the town square of Corydon, Iowa. Cox

suspected intoxication, conducted a field sobriety test, then decided not to arrest Hildenbrand but instead issued him a citation for failing to have his vehicle under control. Hildenbrand drove his automobile away from the scene of that accident and shortly thereafter was killed in another collision. Hildenbrand's estate brought this wrongful death action against defendants Cox and the city of Corydon, alleging that Hildenbrand's intoxication caused both accidents and that officer Cox was negligent in failing to arrest Hildenbrand or place him in protective custody. (In separate counts of her petition the plaintiff also asserted dram shop claims against the bar where Hildenbrand had allegedly been drinking, but those dram shop claims are not involved in this appeal.) The trial court granted summary judgment for Cox and the city of Corydon, and plaintiff appeals both on procedural and substantive grounds. Plaintiff contends that the summary judgment motion should not have been considered because the legal issues it presented should have been raised by a motion to dismiss. Plaintiff also contends that the trial court erroneously failed to recognize common law and statutory duties which were owed by Cox and the city to Hildenbrand. We affirm.

## I. *Propriety of the Summary Judgment Motion.*

■ Plaintiff contends that the court should not have considered the summary judgment motion because it was in essence a motion to dismiss which was not filed before answer as required by Iowa Rule of Civil Procedure 85(a). Plaintiff argues that defendants could only test the legal sufficiency of her petition by filing a timely motion to dismiss under Iowa Rule of Civil Procedure 104(b). Plaintiff relies on *Powell v. Khodari-Intergreen Co.*, 303 N.W.2d 171, 174–75 (Iowa 1981), but that case is inapposite because there the defendants' belated oral motion to dismiss was not in form or substance a motion for summary judgment. Here the motion for summary judgment satisfied the requirements of rule 237 authorizing a court to grant summary judgment when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R.Civ.P. 237(c). A defendant "may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part" of the claim against the moving party. Iowa R.Civ.P. 237(b). There is no merit to plaintiff's contention that defendants' motion for summary judgment was improperly masquerading as a rule 104(b) motion to dismiss.

## II. *Facts Established by the Summary Judgment Record.*

■ Defendants Cox and the city of Corydon, the parties requesting summary judgment, had the burden to establish the absence of any material fact on which plaintiff might base her claim of actionable negligence. *Knapp v. Simmons*, 345 N.W.2d 118, 121 (Iowa 1984). The entire record must be reviewed in the light most favorable to the party opposing the motion, affording that party all reasonable inferences that can be deduced from the factual record. *Id.; Tasco, Inc. v. Winkel*, 281 N.W.2d 280, 282 (Iowa 1979). When the opposing party makes limited resistance, however, and rests upon the pleadings, the facts in the moving party's affidavits are accepted as true for purposes of the motion. *Colonial Baking Co. v. Dowie*, 330 N.W.2d 279, 282 (Iowa 1983); *Rohlin Construction Co. v. Lakes, Inc.*, 252 N.W.2d 403, 406 (Iowa 1977); Iowa R.Civ.P. 237(e) (In resisting a properly supported summary judgment motion, the opposing party "must set forth specific facts showing that there is a genuine issue for trial.").

This summary judgment record consisted of the affidavit of officer Cox, an affidavit of plaintiff's attorney in resistance, and the pleadings. Rule 237(e) provides in pertinent part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is compe-

tent to testify to the matters stated therein.

Officer Cox in his affidavit based strictly on personal knowledge related what had occurred during his investigation of the flower pot incident. The affidavit of plaintiff's attorney, in contrast, referred only to his "files in the cause" and in conclusory terms summarized "information constituting the basis for evidence to be submitted in the cause." Although the attorney's affidavit referred to an official report of a blood test showing that Hildenbrand had a high percentage of alcohol in his blood when he died, no copy of the report was included in the record. Likewise the attorney's affidavit referred to witnesses who had reported to the attorney that Hildenbrand appeared intoxicated when Cox was with him, but no affidavits of those persons were presented to the summary judgment court. We disregard the affidavit of plaintiff's attorney and information it contained because that affidavit does not comply with the quoted requirements of rule 237(e).

The summary judgment record thus establishes the following facts on which the legal issues must be decided. Cox, an on-duty police officer employed by the city of Corydon, received a dispatch on the evening of March 24, 1983 that a vehicle had collided with a flower pot in the town square. Cox arrived at the scene, recognized the driver of the damaged vehicle as Hildenbrand, and noticed several beer cans in his car. Cox issued Hildenbrand a citation for failing to have control of his car. Hildenbrand admitted to Cox that he had consumed a few beers and had collided with the flower pot but said he was "a long way from being drunk." Hildenbrand agreed to undergo the field sobriety test requested by Cox, and he performed the test without any errors and satisfied Cox that he was sober. Cox believed he had no probable cause to take Hildenbrand into the station for a blood test and did not arrest him.

We also accept as true for purposes of defendants' summary judgment motion those allegations of the petition which were not contradicted by the Cox affidavit. Plaintiff alleged that Hildenbrand that night was "intoxicated or incapacitated by a chemical substance in a public place and in need of help," and that Hildenbrand's death in the second collision was proximately caused by his operation of his automobile in an impaired condition.

Boiled down to essentials, the summary judgment record shows that Hildenbrand was intoxicated when Cox investigated the first accident and when he later drove his automobile to his death, but the record further shows that Cox did not believe from his investigation of the first accident that Hildenbrand was intoxicated.

We turn to the question whether these factual circumstances would permit plaintiff to recover from Cox and the city on the negligence theories which plaintiff has advanced.

### III. Did Cox Breach a Common Law Duty?

The trial court found that Cox had no common law duty to prevent Hildenbrand from hurting himself. Plaintiff contends that Hildenbrand was a person in danger to whom Cox and the city owed a special duty of reasonable care. Plaintiff asks us to hold that a peace officer has a common law duty to protect from harm a specific person whom the officer knows or has reason to know is intoxicated and in danger. Under this summary judgment record which establishes that Cox did not know that Hildenbrand was intoxicated, the pivotal question is whether Cox can be held liable for negligently failing to detect his intoxicated condition by conducting a more thorough investigation or investigating the incident in a different manner.

We reject plaintiff's proposed rule of liability because it cannot be harmonized with the rule we adopted in Smith v. State, 324 N.W.2d 299 (Iowa 1982). In Smith plaintiffs alleged that officers of the Iowa Division of Criminal Investigation had negligently investigated a double murder and erroneously charged plaintiffs with the crimes. Plaintiffs were subsequently ac-

quitted and sued the officers for damages. We affirmed dismissal of the plaintiffs' action, holding that Iowa does not recognize an independent tort for negligent investigation of crime by law enforcement officers. *Id.* at 300. We said:

> The public has a vital stake in the active investigation and prosecution of crime. Police officers and other investigative agents must make quick and important decisions as to the course an investigation shall take. Their judgment will not always be right; but to assure continued vigorous police work, those charged with that duty should not be liable for mere negligence.

*Id.* at 301. We choose not to depart from the rule of *Smith* and its rationale. Instead we apply here a sound corollary of that rule of non-liability of peace officers investigating criminal activity. The rule not only applies when the person allegedly harmed by a negligent investigation has been charged and arrested, but also when the allegedly negligent investigation results in no arrest. Police officers necessarily exercise broad discretion in investigating accidents and determining the manner in which they will enforce laws. *See generally* Williams, *Police Discretion: The Institutional Dilemma—Who is in Charge?*, 68 Iowa L.Rev. 431, 432 (1983).

■ Our refusal to recognize a tort of negligent failure to detect a person's intoxicated condition and protect the person from harm is consistent with common law principles recognized by sections 314, 314A, 315, 319 and 320 of the Restatement (Second) of Torts (1965). While adopting the general rule that a person owes no duty to act for the protection of others unless the actor has a special relationship to the other person, those Restatement provisions identify the special relationships and circumstances under which liability can be imposed on the actor.

■ We have often turned to the Restatement in analyzing what common law duties of protection are owed by one member of the public to another. *See, e.g., Clark v. Mincks*, 364 N.W.2d 226, 231–32 (Iowa 1985) (non-custodial adult passenger in vehicle owed no special duty to protect child passenger from being injured by intoxicated driver); *Lang v. City of Des Moines*, 294 N.W.2d 557, 560–62 (Iowa 1980) (setting forth principles governing city's duty of due care to jail inmates). Our court early recognized that intoxication can be a circumstance giving rise to such a special relationship. In *Weymire v. Wolfe*, 52 Iowa 533, 3 N.W. 541 (1879), we found a special relationship between a tavern owner and its patron who died of exposure after being expelled from the saloon in a drunk and unconscious condition. The defendant there created the dangerous circumstances confronting the patron and owed plaintiff a duty of reasonable care to protect him from the dangerous circumstances created by the defendant. *Id.* at 534–35, 3 N.W. at 542–43. The Restatement and case law also recognize that persons who take others into their custody, for example peace officers who arrest persons suspected of crime, owe a special duty to aid and protect them. Restatement (Second) of Torts § 314A(4) (1965); *see Smith v. Miller*, 241 Iowa 625, 628–31, 40 N.W.2d 597, 598–600 (1950) (sheriff owed duty of reasonable care to protect jail inmate from harm caused by fire). But plaintiff has not shown that defendants Cox and the city had such a special relationship to Hildenbrand under the circumstances of this case as would give rise to a common law duty to protect him from harming himself. Cox did not create the condition which placed Hildenbrand's life in jeopardy and did not take Hildenbrand into his custody or control at any time.

The parties have cited cases from many other jurisdictions which have addressed the question whether a peace officer may be held liable in tort for failing to arrest a person suspected of intoxication, and related questions concerning the duties of public officials. The cases are collected and analyzed in several annotations and law review articles. *See generally* Annot., 46 A.L.R.3d 1084 (1972); Annot., 41 A.L.R.3d 700 (1972); Note, *Police Liability for Neg-*

*ligent Failure to Prevent Crime,* 94 Harv. L.Rev. 821 (1981). Those cases provide us little assistance in deciding the legal issues in this case, because they either involved different factual circumstances or were decided on principles of governmental immunity or statutes different from ours.

The trial court correctly held that Cox and the city owed Hildenbrand no common law duty to discover Hildenbrand's intoxicated condition and arrest him.

### IV. *Did Cox Breach Any Statutory Duty?*

Plaintiff also alleged that the negligence of Cox and the municipality was established by Cox's breach of duties created by several Iowa statutes which authorized him to take Hildenbrand into custody. The trial court found that no statutory duty had been breached under the facts disclosed by this summary judgment record, and we agree.

The abrogation of governmental immunity means that the same principles of tort liability apply to municipalities and their employees as to other tort defendants except as limited by Iowa Code chapter 613A (1983). *Harryman v. Hayles,* 257 N.W.2d 631, 638 (Iowa 1977). Iowa Code section 613A.1(3) (1983) provides in part that the torts for which a municipality may be held liable include a "breach of duty, whether statutory or other duty." A municipality and its employees may thus be held liable in damages for breach of statutory duties if the legislature intended to protect a class of persons to which the victim belongs from a particular harm which the victim suffered. *Wilson v. Nepstad,* 282 N.W.2d 664, 667 (Iowa 1979); *Koll v. Manatt's Transportation Co.,* 253 N.W.2d 265, 270 (Iowa 1977); W. Prosser, *Handbook of the Law of Torts* 192–95 (4th ed. 1971). We must analyze each statute relied on by plaintiff to ascertain whether the legislature intended to provide a civil tort remedy for a violation of the statute by a police officer.

Plaintiff first contends that Iowa Code section 321.281 (1983), which defines the crime of driving while intoxicated, imposed on Cox the duty to apprehend and charge Hildenbrand with that offense. Although that statute does not explicitly impose any duty on a police officer, Iowa Code chapter 321B does provide procedures which a peace office may invoke, including the obtaining of a breath sample for a preliminary screening test, in order that the officer may make an informed decision whether an arrest should be made. *See* Iowa Code § 321B.3 (1983). Iowa Code section 804.7 more generally prescribes the conditions under which peace officers may make warrantless arrests, for example when "a public offense [is] committed or attempted in the peace officer's presence," and "where the peace officer has reasonable ground for believing that the person to be arrested has committed" a public offense.

In addition, Iowa Code section 123.46 provides that no person shall be intoxicated in a public place, and section 125.91 provides that a peace officer "may" without a warrant and without making an arrest take an intoxicated person to an appropriate facility for treatment if the intoxicated person is incapacitated or threatening "physical self harm or harm on another." Similarly, Iowa Code section 125.34 provides in pertinent part:

> An intoxicated person may come voluntarily to a facility for emergency treatment. A person who appears to be intoxicated or incapacitated by a chemical substance in a public place and in need of help may be taken to a facility by a peace officer under section 125.91. If the person refuses the proffered help, the person may be arrested and charged with intoxication under section 123.46, if applicable.

Plaintiff argues that these statutes imposed on Cox and the city an absolute duty to detect Hildenbrand's intoxicated condition and take him into custody so he could receive the prescribed treatment for intoxication. We do not read so much into the words of these statutes. *See* Iowa R.App.P. 14(f)(13) ("In construing statutes the court searches for the legislative intent

as shown by what the legislature said rather than what it should or might have said."). We believe that the legislature intended by these provisions to give peace officers several options which include both the authority to arrest persons violating laws governing intoxication and the authority to take such persons to treatment facilities. The statutes do not impose on peace officers a mandatory duty to take such persons into custody. We deem significant the legislature's amendment of section 125.34(1) in 1982 to strike the word "shall" and substitute "may" in the phrase "may be taken to a facility by a peace officer...." *See* 1982 Iowa Acts ch. 1212, § 24. All of the cited statutes, pertaining to an officer's authority in dealing with persons suspected of being intoxicated, use the verb "may", not "shall", in spelling out the officer's authority. In these statutes cited by plaintiff concerning when and under what circumstances intoxicated persons should be arrested or otherwise taken into custody and provided with treatment, we believe the legislature has consistently used the word "may" to designate permissive rather than mandatory action or conduct. *See Schultz v. Board of Adjustment*, 258 Iowa 804, 810, 139 N.W.2d 448, 451–52 (1966) ("may" normally implies permissive rather than mandatory action or conduct but can be construed as the equivalent of "shall" where logic and context so require); Iowa Code § 4.1(36)(a), (c) (1983) (in construing statutes the word "shall" imposes a duty and the word "may" confers a power).

We agree with and repeat the trial court's fundamental reason for granting summary judgment on the plaintiff's claim that Cox and the city negligently breached common law and statutory duties owed to Hildenbrand:

Because officer Cox owed no duty of protection to Roger Hildenbrand, he committed no tort. Because its officer committed no tort, the city of Corydon likewise is not liable to the plaintiffs.

Because Cox and the city were properly granted summary judgment on those grounds, we need not decide whether there was merit in their alternative contention that plaintiff's claim fell within the "discretionary function or duty" limited immunity provided municipalities under Iowa Code section 613A.4(3) (1983).

AFFIRMED.