**HAWKEYE BANK & TRUST CO.,** Executor of the Estate of Victoria Haskins Graham, Deceased, and Michael Rolland Graham and Victoria Lee Graham, and David Repp, as Executor of the Estate of Larry Repp, Janelle D. Repp–Martin, Douglas G. Repp, and David M. Repp, Individually, Plaintiffs–Appellants,

v.

Harvey SPENCER, Defendant,

and

The City of Urbandale, Scott Williams, Tom Giampolo, Terry Dippold, and Delbert King, Defendants–Appellants,

**HAWKEYE BANK & TRUST CO.,** Executor of the Estate of Victoria Haskins Graham, Deceased, and Michael Rolland Graham and Victoria Lee Anderson f/k/a Victoria Lee Graham, Plaintiffs–Appellants,

v.

Scott WILLIAMS, Mark Taylor, Tom Giampolo, Terry Dippold and Delbert King, Defendants–Appellees.

No. 91–513.

Court of Appeals of Iowa.

April 28, 1992.

Lawrence F. Scalise and Richard O. McConville of Scalise, Scism, Sandre, Uhl, McConville, Miller & Holliday, Des Moines, for plaintiffs-appellants Graham.

Thomas M. Zurek of Smith, Schneider, Stiles, Mumford, Schrage, Zurek, Wimer & Hudson, P.C., Des Moines, for plaintiffs-appellants Repp.

Timothy J. Walker and Wendy L. Carlson of Whitfield, Musgrave & Eddy, Des Moines, for defendant-appellant City of Urbandale.

Michael F. Lacey, Jr. and Mark A. Roeder of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for defendant Spencer.

Heard by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

OXBERGER, Chief Judge.

The issue in this case in whether statements by the Urbandale police to Graham created the kind of special relationship the Iowa Supreme Court has indicated is necessary to establish liability of a policeman for negligence when investigating crime.

In *Hildenbrand v. Cox*, 369 N.W.2d 411, 415 (Iowa 1985), the supreme court reaffirmed its previous statement:

> The public has a vital stake in the active investigation and prosecution of crime. Police officers and other investigative agents must make quick and important decisions as to the course an investigation shall take. Their judgment will not always be right; but to assure continued vigorous police work, those charged with that duty should not be liable for mere negligence.

The court in *Hildenbrand* expanded the nonliability rule for peace officers investigating criminal activity. They concluded the rule applies not only to cases where a person is allegedly harmed by a negligent investigation resulting in arrest and charge, but also when the allegedly negligent investigation results in no arrest.

The court recognized an exception to this general nonliability rule:

> While adopting the general rule that a person owes no duty to act for the protection of others unless the actor has a *special relationship* (emphasis added) to the other person, those restatement provisions identify the special relationship and circumstances under which liability can be imposed on the actor.

*Id.*

## JUSTIFIABLE RELIANCE

The appellants Graham contend: "... in *Doe v. Hendricks*, 92 N.M. 499, 590 P.2d 647 (1979), New Mexico held that even if initially no special relationship exists, a police officer, by voluntarily assuming a special duty, creates a privity by that action, subjects himself and the city to a special relationship, subjecting them to act under a standard of care.

The New Mexico court said:

> [W]here there has been a specific promise or representation by police to a victim in a situation which creates justifiable reliance on the part of the victim, a special duty arises.

*Id.* 590 P.2d at 647.

Grahams contend that because the appealed trial court ruling was on a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986).

The Grahams assert the evidence shows in the evening hours of April 18, 1989, Harvey Spencer, a former boyfriend of Victoria Graham, threatened to kill her. On April 19, Officer Scott Williams interviewed Graham at her home. He concluded that Spencer would carry out his threat. Williams told Graham that a special or extra watch would be placed on her and her home; that members of the force would attempt to contact Spencer and would

watch for his presence or his vehicles in her neighborhood.

Two days later, Officer Dippold was the first police officer to respond to Officer Williams' assurances to Graham. After looking for Spencer, without success, Dippold concluded the matter could wait until Monday, two days later. No additional action was taken by any policeman on Williams' promises.

At approximately 2:00 a.m. on April 23, 1989, Spencer entered the Graham home and shot Graham and Larry Repp. Graham was not advised that no further action was to be done to provide protection. We accept the above statement of facts as true for the purpose of reviewing this motion for summary judgment.

■ The issue—did Officer Williams' promises to Graham to provide her with "special or extra watch" create a special relationship that imposes a liability on the Urbandale police department for negligence.

In *Smith v. State*, 324 N.W.2d 299 (Iowa 1982), the supreme court stated the public policy reason for granting police immunity for negligence in the investigation of crime:

> ... to assure continued vigorous police work, those charged with that duty should not be liable for mere negligence.

■ We reject creating an exception for police promises of extra or special watches on citizens' person or property. The current State of Iowa law holds that if Officer Williams had informed Graham the matter would be handled in a routine manner, there would be no liability for a negligent investigation. It would be counter productive for us to announce a policy that says to the police, if you investigate routinely but negligently no liability, but if you take extra measures to help citizens and do it negligently, we will impose liability. Such a policy would discourage the police from making extra efforts to help citizens.

■ Furthermore, we believe the message of the supreme court in *Hildenbrand* is that the general rule for police investigations is no liability for negligence with two exceptions:

1. Where the police create the situation which places the citizen's life in jeopardy.

2. Where the police take a citizen into custody or control.

On appeal, the appellants do not claim they meet either of these two requirements. In *Hildenbrand* the parties submitted cases from other jurisdictions. The court said:

> Those cases provide us little assistance in deciding the legal issues in the case, because they either involved different factual circumstances or were decided on *principles of governmental immunity* or statutes different from ours. (emphasis added).

*Id.* at 416.

Appellant Graham urges that the deceased relied on the assurances of Officer Williams that the Urbandale Police Department would provide "special and extra watch" on her person and property. They claim "once the reliance has been induced, the municipality must carry out its activity in a reasonable manner and failure to do so will result in liability. Here, no one on the Urbandale Police Department advised Victoria that nothing had occurred nor would any further attempts at following up the investigation occur until Monday, April 24, 1989."

Viewing the evidence in the light most favorable to the appellants Graham, Victoria Graham relying on Williams' assurances, stayed in her home, did not flee, sought no individual private protection through the court system, nor through private guard; she continued with her normal daily routine and work until the early hours of April 23, 1989, when she called 911 and was assured help was on the way.

Officer Williams testified he suggested Graham should stay elsewhere temporarily, but she refused. We realize, for purposes of motion for summary judgment, we view the evidence in Graham's favor. Therefore, we assume a jury could find Graham justifiably relied on Officer Williams' assurances.

We reject the justifiable reliance theory of liability. While a good argument can be made in an individual case that a person may be lulled into a false sense of security and fail to take reasonable measures for his or her safety because of police promise of protection, on balance, we find that the public is better served by a policy that encourages the police to provide extra citizen protection without the fear of incurring liability for mistakes.

A similar public policy choice has been made in the "good Samaritan" law. *See Keasling v. Thompson,* 217 N.W.2d 687, 690 (Iowa 1974). There, the policy choice was to encourage people to render aid to victims without incurring liability for negligence. The choice was to deny deserved recovery to the victim who is victimized by a helper who negligently treats them. The goal is to encourage citizens who might not help if they faced a lawsuit for their negligence.

In this situation, Officer Williams would have incurred no liability if he had routinely handled Graham's complaint. We are urged to impose liability when Officer Williams in good faith promised to do more than the usual processing of the case. No one claims Officer Williams' promises were not made in good faith.

### APPELLANTS REPPS

The appellants ground their appeal on a claim that *Hildenbrand* and *Smith* are based on simple negligence which "has historically been recognized as misfeasance" (i.e. improperly performing some act which may be lawfully done).

Repps contend the police failure in this case was not misfeasance but rather constitutes nonfeasance (i.e. a failure or omission to perform a required duty). They say "this distinction between action and nonaction is well founded in the common law and is of great import." However, Repps do not explain the reason why such distinction justifies a departure from the general rule denying liability for police negligence investigating crime. We have been unable to find any cases nor have appellants cited any cases supporting their theory. We reject their argument.

Repps also raise the detrimental reliance issue we rejected previously. The reasons cited for rejecting liability to the person who is promised protection applies equally if not more to a third party.

Because there is no liability for the police conduct, the City of Urbandale likewise is not liable to the plaintiffs. We affirm the trial court's granting of the motion for summary judgment.

AFFIRMED.