Kevin **DEPPE** and Donna Deppe, Plaintiffs–Appellees,

v.

**POWESHIEK COUNTY, Iowa,** Defendant–Appellant.

No. 94–1626.

Court of Appeals of Iowa.

Oct. 31, 1995.

Anne L. Clark and Thomas J. Logan of Hopkins & Huebner, P.C., Des Moines, for appellant.

Thomas Hyland and Ann Calhoun of Hyland, Laden & Pearson, P.C., Des Moines, for appellees.

Heard by SACKETT, P.J., CADY, J., and PERKINS, Senior Judge.*

SACKETT, Presiding Judge.

Defendant-appellant Poweshiek County, Iowa, appeals from a jury verdict finding it sixty-five percent at fault for injuries plaintiff-appellee Kevin Deppe suffered from falling into a road culvert while attempting to get into a county vehicle at the direction of a deputy sheriff.

Defendant contends the trial court erred (1) in submitting to the jury the issue of whether a special relationship existed between plaintiff and defendant so that plaintiff was deprived of normal opportunities for protection, and (2) in failing to give an instruction of plaintiff's duty for self-protection. We affirm.

Two reserve deputy sheriffs of defendant county followed plaintiff who was driving his motorcycle and directed him to stop. Plaintiff pulled his motorcycle onto the shoulder of the road. The deputies told plaintiff they

---

* Senior judge from the Fifth Judicial District serving on this court by order of the Iowa Supreme Court.

were stopping him for speeding and told him to come and look at the radar in their car. One officer walked to the passenger side of their vehicle to write the citation and left the door open. Plaintiff stood by the window of the car and the deputy asked him to walk around in front of the car and get in the back passenger seat. Plaintiff walked in front of the car and turned to where the passenger door was open. A culvert was running under the road to the right of the car door, and when plaintiff attempted to walk around the door through waist high weeds in the dark, he fell into an open culvert and received substantial injuries. Plaintiff sued defendant county on several theories.

The trial court submitted the issues of whether a special relationship existed between plaintiff and the county and whether plaintiff was deprived of his normal opportunity for protection. The jury returned a verdict finding plaintiff's damages to be $224,650 and assigning fault sixty-five percent to defendant and thirty-five percent to plaintiff.

Defendant advances the trial court erred in submitting the issue of whether a special relationship existed between plaintiff and the county and should have decided as a matter of law no such relationship existed.

■ When the State takes a person into its custody and holds him or her in custody against his or her will, the constitution imposes a duty to assume some responsibility for the safety of the person detained. *DeShaney v. Winnebago Soc. Serv.*, 489 U.S. 189, 195, 109 S.Ct. 998, 1004, 103 L.Ed.2d 249, 258 (1989).

In *Hildenbrand v. Cox*, 369 N.W.2d 411, 415 (Iowa 1985), the Iowa court adopted the general rule a person owes no duty to act for the protection of others unless the actor has a special relationship to the other person. The court noted that sections 314, 314A, 315, and 320 of the Restatement (Second) of Torts (1965) are used by it to analyze what common law duties of protection are owed by one member of the public to another and for identifying the special relationship and circumstances under which liability can be imposed on an actor. *See id.*

The focal section of the Restatement under these facts is section 314A, which says:

(4) One who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection is under a similar duty to the other.

Restatement (Second) of Torts § 314A(4) (1965).

■ The Restatement and case law recognize persons who take others into their custody owe a special duty to aid and protect them. *Hildenbrand*, 369 N.W.2d at 415; *see also Smith v. Miller*, 241 Iowa 625, 628–29, 40 N.W.2d 597, 598–600 (1950). For such a special relationship to exist, first the State must take a citizen in custody or control. *See Allen v. Anderson*, 490 N.W.2d 848, 856 (Iowa App.1992); *Hawkeye Bank & Trust Co. v. Spencer*, 487 N.W.2d 94, 97 (Iowa App.1992). Secondly, the State must have imposed on a person's freedom so he has lost his ability for his normal opportunity for self-protection on his own behalf. *See DeShaney*, 489 U.S. at 200, 109 S.Ct. at 1006, 103 L.Ed.2d at 262.

Plaintiff contends the county had a duty to him because from the moment he was stopped he was under the control of the deputies in that they were stopping him for a traffic violation and it was, in fact, an arrest. Defendant agrees plaintiff was under the deputies' control but argues plaintiff was not deprived of his normal opportunity for protection.

Plaintiff argues once a person is stopped for a traffic violation, that person's liberty is restrained and even though the person may not be imprisoned, he is still confined to the area of the incident and is under the direct control and authority of the arresting officer, and during this time the individual loses his freedom of movement and is not permitted to act freely. Plaintiff points out the deputies testified they expected him to follow their specific instructions, and had he not done so, they would have taken other action.

■ We find under the unique facts of this case, when the deputy gave the verbal command to plaintiff, plaintiff's normal opportu-

nity for self-protection was curtailed. The command was specific and directed plaintiff to an area of danger which, due to the dark night, was not visible to him. It was the intention of the deputies plaintiff follow the direction and plaintiff's failure to do so would have caused the deputies to take further action. We affirm on this issue.

Defendant's second claim is the trial court should have given their requested instruction on plaintiff's duty of care. Defendant asserted as a defense plaintiff was at fault. The contributory negligence instruction given was directed to plaintiff's failure to keep a proper lookout. Defendant contends this instruction may have resulted in the jury not considering other types of negligent acts as contributory fault. Defendant contends the instruction should also have read plaintiff could be at fault for failing to exercise reasonable care under the circumstances. Under the facts of this case, the instruction given was sufficient. The jury found plaintiff thirty-five percent at fault. Defendant has failed to show the necessary prejudice for reversal. *See Coker v. Abell–Howe Co.,* 491 N.W.2d 143, 148 (Iowa 1992).

**AFFIRMED.**