Michelle **DONAHUE** and Patrick Donahue, Individually and as Parents and Next Friends of Madison Donahue and Dwight Donahue, Plaintiffs–Appellants,

v.

**WASHINGTON COUNTY,**
Defendant–Appellee.

No. 01–0557.

Court of Appeals of Iowa.

Feb. 6, 2002.

Kevin Caster, Cedar Rapids, for appellants.

Christopher Bruns, Cedar Rapids, for appellee.

Considered by SACKETT, C.J., and MAHAN and HECHT, JJ.

SACKETT, C.J.

Plaintiffs-appellants Michelle Donahue and Patrick Donahue appeal from the dis-

trict court's grant of summary judgment to defendant-appellee Washington County, whom plaintiffs sued in a personal injury case arising out of injuries which their child suffered due to a dog bite. In granting defendant's motion for summary judgment, the district court concluded plaintiffs had no private right of action because there was no legal duty in this case to support such a cause of action. Plaintiffs claim on appeal that defendant did owe plaintiffs a duty and that this duty created a private cause of action. Plaintiffs argue 1) defendant had an actionable legal duty under statute; 2) defendant owed that duty to plaintiffs; 3) the district court erred in requiring a special relationship between plaintiffs and defendant in this case; and 4) defendant waived its immunity. We affirm.

On January 21, 1998 plaintiffs' daughter, Madison Donahue, age two, was attacked by a dog near their home in Johnson County. Her injuries consisted of multiple bite wounds to her head, ear, face, shoulder and chest. At the time of the attack, Madison was taking a shortcut through a neighbor's yard. Apparently the dog, owned by an acquaintance of the neighbor's and temporarily chained up in the neighbor's yard, had attacked two people on two previous occasions. Both of these attacks had occurred in Washington County, where the dog's owner, John Hansen, was living at the time. Although both of these previous occasions were investigated by Officer Nick Shelman, who is a reserve officer in Washington County's Sheriff's Department, Officer Shelman did not report the dog or the incidents beyond filing a standard dispatch report.

The district court found that Officer Shelman failed to fully investigate the two dog-bite incidents in Washington County and that he was negligent in failing to file a report to the Washington County Sanitarian, pursuant to Iowa Code section 351.26 (1997) and the Washington County Ordinances Code, which provide for dog control and impoundment.

On appeal plaintiffs point to Iowa Code section 351.26 and applicable Washington County Ordinance Code sections to establish that Officer Shelman was negligent in his investigation of the dog-bite incidents, and that these sections, along with Iowa Code section 670.2, establish a private right of action against the county.

 We review the grant of summary judgment for errors at law. *Whalen v. Connelly*, 593 N.W.2d 147, 152 (Iowa 1999). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Iowa R. Civ. P. 237(c); *Kolbe v. State of Iowa*, 625 N.W.2d 721, 725 (Iowa 2001). We examine the record in the light most favorable to the party opposing the motion, who is entitled to every legitimate inference that can be reasonably deduced from the evidence. *Knudson v. City of Decorah*, 622 N.W.2d 42, 48 (Iowa 2000).

 To prove their negligence claim, plaintiffs must establish 1) Washington County owed them a duty; 2) Washington County breached or violated that duty; 3) this breach or violation was a proximate cause of their injury; and 4) damages. *See Kolbe*, 625 N.W.2d at 725 (citations omitted).

 Plaintiffs claim Washington County had a duty under statutory law, arguing

that their cause of action arises out of Iowa Code section 670.2 because section 670.2 explicitly states that "every municipality is subject to liability for its torts and those of its officers and employees, acting within the scope of their employment or duties...." We agree that section 670.2 removes any governmental immunity of Washington County from the plaintiffs' cause of action of negligence for breach of an existing duty. But the function of section 670.2 is merely to remove governmental immunity from barring an action based on breach of the existing duty; it does not create a prima facie cause of action in negligence, nor does it create the element of duty necessary to establish such a negligence claim.

In determining whether there was a viable cause of action in this case, we look to determine whether the duty element of the tort of negligence existed. Under section 351.26,

> It shall be ... the duty of all peace officers within their respective jurisdictions unless such jurisdiction shall have otherwise provided for the seizure and impoundment of dogs, to kill any dog for which a rabies vaccination tag is required, when the dog is not wearing a collar with rabies vaccination tag attached.

Plaintiffs claim this section creates the necessary duty for their cause of action.

■ The violation of a statutory duty gives rise to a tort claim only when the statute, explicitly or implicitly, provides for such a cause of action. *Sanford v. Manternach*, 601 N.W.2d 360, 371 (Iowa 1999). An essential factor in that determination, if the cause of action is not explicitly provided for in the statute, is whether the plaintiff is a member of the class for whose benefit the statute was enacted. *See id.; Marcus v. Young*, 538 N.W.2d 285, 288 (Iowa 1995). No such cause of action was explicitly provided for in section 351.26. Therefore we examine whether plaintiffs were members of the class targeted by the statute. We find that section 351.26 was intended to provide for the protection of the public at large. Plaintiffs are members of the public.

■ However, the Iowa Supreme Court has often found, consistent with the common law public duty doctrine, that a breach of duty owed to the public at large is not actionable unless the plaintiff can establish, based on the unique or particular facts of the case, a special relationship between the municipality and the injured plaintiff consistent with the rules of Restatement (Second) of Torts section 315. *Kolbe*, 625 N.W.2d at 729; *see Sankey v. Richenberger*, 456 N.W.2d 206, 209 (Iowa 1990). This duty to the public can arise from a statute or from the State's obligation to protect the public at large. *Kolbe*, 625 N.W.2d at 729; *see Fitzpatrick v. State*, 439 N.W.2d 663, 667 (Iowa 1989).

■ The pivotal issue in this case is whether the duty owed by defendant to seize or report the dog, a duty to the public at large, could also be construed as a duty to the plaintiffs as members of a special identifiable class. We have already stated that the statute does not identify plaintiffs as members of a special protected class. Further, we similarly find that plaintiffs had no common law special relationship with defendant that could support a finding of duty. Plaintiffs cite *Harryman v. Hayles*, 257 N.W.2d 631, 638 (Iowa 1977), *overruled on other grounds*, and *Symmonds v. Chicago, Milwaukee, St. Paul & Pac. R.R.*, 242 N.W.2d 262, 265

(Iowa 1976) in their contention that there in fact was a special relationship to support a duty. In *Harryman* and *Symmonds* the court found a duty by the county to all persons using the roads; in other words, the use of the road by a particular individual was sufficient to establish the requisite special relationship between that person and the county. In the 2001 *Kolbe* examination of this issue, however, the Iowa Supreme Court concluded that there was no special relationship between plaintiff, who was injured by a motorist, and the Iowa Department of Transportation, who may have been negligent in issuing that motorist a license. *Kolbe,* 625 N.W.2d at 729–30. We are inclined to find, consistent with the supreme court's most recent finding, that no such special relationship existed under the facts of this case. The duty of Washington County to seize a dangerous dog or to report it to the Board of Health, which was breached, is a duty for the general safety of the public. Every member of the public would be included in the class of those put in danger by a vicious dog. In these situations where a statute's purpose is to alleviate a risk to the public at large, the public duty doctrine, which under *Kolbe* is still applicable law, eliminates the liability of the municipality for its negligent officers and employees.

In that it is clearly established law that administrative rules cannot go further than the law permits, and for the same reasons we determined section 351.26 was intended for the general public welfare, we find the Washington County ordinances also do not establish the requisite special relationship necessary to show a duty. *Kolbe,* 625 N.W.2d at 727; (citing *Iowa Nat'l Indus. Loan Co. v. Iowa State Dep't of Revenue,* 224 N.W.2d 437, 441 (Iowa 1974)). Because there is no duty which would support an action in negligence, we affirm the district court's summary judgment for defendant.

**AFFIRMED.**