**IN THE COURT OF APPEALS OF IOWA**

No. 14-1257
Filed June 10, 2015

**MOLLIE JOAN ASHTON,**
        Plaintiff-Appellant,

**vs.**

**NICHOLAS ALLAN BROCK,**
**TODD GOHLMAN, JOEL**
**CONGDON and JOHN NORDYKE,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Story County, Michael J. Moon,

Judge.


        Plaintiff appeals from an adverse grant of summary judgment in favor of

the defendants.  **AFFIRMED.**


        Tod J. Beavers of Law Offices of Tod J. Beavers, P.C., Des Moines, for

appellant.

        Jason C. Palmer and Catherine M. Lucas of Bradshaw, Fowler, Proctor

& Fairgrave, P.C., Des Moines, for appellees.


        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

The plaintiff Mollie Ashton f/k/a Brock appeals the district court's grant of summary judgment adverse to her and in favor of three law enforcement officer defendants. This appeal presents the question of whether law enforcement officers can be liable for alleged negligence in investigating alleged criminal activity and preventing harm to a victim in the absence of a special relationship between the law enforcement officers and the alleged victim. The answer is long settled in the negative, and we affirm the judgment of the district court.

We review the district court's order on summary judgment for correction of errors at law. *See Howard v. Schildberg Constr. Co., Inc.*, 528 N.W.2d 550, 552 (Iowa 1995); *Farm & City Ins. Co. v. Anderson*, 509 N.W.2d 487, 489 (Iowa 1993). We view the facts in a light most favorable to the party opposing the summary judgment motion. *See Gerst v. Marshall*, 549 N.W.2d 810, 812 (Iowa 1996). We must decide whether a genuine issue of material fact exists and whether the law was correctly applied. *See Farm & City Ins. Co.*, 509 N.W.2d at 489.

We need not repeat Ashton's allegations in full because they are immaterial to the resolution of this matter. When viewed in the light most favorable to the plaintiff, the summary judgment record showed the following.[1]

---

[1] The defendants contend the judgment of the district court could be affirmed on the ground that the plaintiff failed to timely file a resistance to the motion for summary judgment and failed to file a motion pursuant to Rule of Civil Procedure 1.981(6) to seek additional discovery in support of her resistance. We agree the plaintiff failed to timely file a properly supported resistance to the motion and failed to file a motion to seek additional discovery. *See* Iowa R. Civ. P. 1.981(6); *see also Bitner v. Ottumwa Comm. School Dist.*, 549 N.W.2d 295, 299 (Iowa 1996). We need not decide this appeal on that

Ashton formerly was married to defendant Nicholas Brock. Defendants Todd Gohlman, Joel Congdon, and John Nordyke were employed as law enforcement officers by the Ames Police Department at all times material to this proceeding. In May 2011, the plaintiff and Brock were cohabiting although divorced. The Ames Police Department was called to the family's residence on at least three occasions in response to domestic disturbances. After the police department responded to the domestic disturbance calls, Ashton contacted the Ames Police Department in person and by telephone to lodge further complaints against Brock and against the officers involved in the case. Officers Gohlman and Nordyke and Detective Congdon are among the law enforcement officers who became involved in the investigation and processing of Ashton's complaints. Ultimately, Detective Congdon closed his investigation after the case was referred to the assistant county attorney and the assistant county attorney directed the case be closed without charges filed. In her amended petition, Ashton contended that Brock "physically assaulted, mentally abused," and "stole property" from the plaintiff during the month of May 2011 and then for some undetermined period of time after. In her amended petition, plaintiff alleged Gohlman, Nordyke, and Congdon were negligent in "their failure to properly and adequately protect the Plaintiff from the wrongful actions and conduct of Defendant Brock."

To establish negligence, the plaintiff was required to establish, among other things, that the defendants owed her a duty. *See Donahue v. Washington Cnty.*, 641 N.W.2d 848, 850 (Iowa Ct. App. 2002). The question of whether a

---

ground, however, as we conclude the district court correctly decided the motion on the merits.

duty exists is a question of law for the court. *See Thompson v. Kaczinski*, 774 N.W.2d 829, 834 (Iowa 2009). Plaintiff does not contend *Thompson* changes our analysis of the issue. Iowa law does not recognize a tort for negligent law enforcement response and investigation in the absence of a special relationship between the plaintiff and law enforcement. *See Morris v. Leaf*, 534 N.W.2d 388, 390 (Iowa 1995) ("Iowa courts have consistently held that law enforcement personnel do not owe a particularized duty to protect individuals; rather, they owe a general duty to the public."); *Mastbergen v. City of Sheldon*, 515 N.W.2d 3, 5 (Iowa 1994) ("Consistent with the common-law principles recognized by those sections, we have recognized two exceptions when law enforcement may be liable for damages: (1) when the police create the situation that places the citizen's life in jeopardy and (2) when the police take a citizen into custody and control."); *Smith v. State*, 324 N.W.2d 299, 302 (Iowa 1982) (holding "law enforcement officers have no liability for mere negligence in the investigation of crime"); *Hawkeye Bank & Trust Co. v. Spencer*, 487 N.W.2d 94, 96-97 (Iowa Ct. App. 1992) (defining special relationship and holding police promises of extra or special watches on citizen's property do not create exception to general rule of nonliability for negligence in investigating criminal activity). Although the plaintiff asserts there was a special relationship between her and the law enforcement defendants, she did not produce evidence of any "special relationship" within the meaning of our case law. *See Mastbergen*, 515 N.W.2d at 5; *see also Hawkeye Bank & Trust*, 487 N.W.2d at 96.

The district court correctly determined that the issue presented was a question of duty, that the plaintiff failed to establish the existence of a duty, and that the officer defendants were entitled to judgment as a matter of law. The judgment of the district court is affirmed without further opinion. *See* Iowa Ct. R. 21.26(a), (c), (d), and (e).

**AFFIRMED.**