# IN THE COURT OF APPEALS OF IOWA

No. 16-1885
Filed August 16, 2017

**ANISSA GERARD,**
    Plaintiff-Appellant,

**vs.**

**CITY OF NORTH LIBERTY, IOWA and MITCHELL SEYMOUR, individually and as Police Officer for City of North Liberty,**
    Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Johnson County, Lars G. Anderson, Judge.

        Anissa Gerard appeals following a jury verdict in favor of the City of North Liberty and North Liberty Police Officer Mitchell Seymour on a negligence claim. **AFFIRMED.**

        David A. O'Brien of David O'Brien Law, Cedar Rapids, for appellant.

        Bradley J. Kaspar and Terry J. Abernathy of Pickens, Barnes & Abernathy Law Firm, Cedar Rapids, for appellees.

        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

North Liberty police arrested Anissa Gerard after she acted belligerently. When officers were moving her within the police station, she missed a step and fell. Gerard sued the City of North Liberty and Officer Mitchell Seymour for negligence in failing to warn her of the step and in failing to protect her from falling down the step. A jury found they were not at fault.

On appeal, Gerard (1) challenges the district court's failure to give the jury her proposed instruction on a special duty of care owed by the defendants and (2) contends the jury verdict was not supported by substantial evidence.

## I.    *Jury Instruction*

Gerard asked the court to give the jury the following definition of negligence:

> "Negligence" means failure to use ordinary care. Ordinary care is the care which a reasonably careful person would use under similar circumstances. "Negligence" is doing something a reasonably careful person would not do under similar circumstances, or failing to do something a reasonably careful person would do under similar circumstances.
> *In this case the defendants' duty to the plaintiff went beyond "ordinary care." As the result of taking the plaintiff into custody and handcuffing her hands and arms behind her back plaintiff lost her normal ability of self-protection. Therefore, the defendants owed a special duty to aid and protect plaintiff from injury.*

(Emphasis added.) The district court elected to give the un-italicized portion, which is identical to the Iowa State Bar Association's Jury Instruction 700.2. *See Haskenhoff v. Homeland Energy Sols., LLC*, 897 N.W.2d 553, 615-16 (Iowa 2017); Iowa Civ. Jury Inst. 700.2.

The district court also gave the jury the following instruction:

> Law enforcement officers have *a duty of ordinary care* to aid and protect those individuals who are under their custody and control and whose freedom has been imposed upon such that they have lost their normal opportunity for self-protection. In this case, Defendant Seymour had such a duty to Plaintiff at the time of the accident at issue and therefore was obligated to act as a reasonably careful law enforcement officer would under similar circumstances in aiding and protecting Plaintiff.

(Emphasis added.) On appeal, Gerard argues the defendants' duty to her "went beyond 'ordinary care'" to a "special duty of care" as a "result of taking her into custody and handcuffing her hands and arms behind her back." As the district court stated, Gerard conflates two concepts: "special relationships" and "duty of care."

The general rule, as set forth in Restatement (Second) of Torts section 314 is as follows: "The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action." Restatement (Second) of Torts § 314 (Am. Law Inst. 1965). Comment a to this section states, "Special relations may exist between the actor and the other, as stated in § 314A, which impose upon the actor the duty to take affirmative precautions for the aid or protection of the other." *Id.* § 314 cmt. a. Section 314A, in turn, sets forth several "special relations," including the following: "(4) One who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection is under a similar duty to the other." *Id.* § 314A. Significantly, one of the comments to section 314A states: "The duty in each case is only one to exercise reasonable care under the circumstances." *Id.* § 314A cmt. e.

The Iowa Supreme Court agreed with this articulation of the duty of care in *Hildenbrand v. Cox*, 369 N.W.2d 411, 415 (Iowa 1985). There, the court reaffirmed "the general rule that a person owes no duty to act for the protection of others unless the actor has a special relationship to the other person." *Hildebrand*, 369 N.W.2d at 415. The court looked to the Restatement to "identify the special relationships and circumstances under which liability can be imposed on the actor" and cited the relationship quoted above. *Id.* (citing Restatement (Second) of Torts § 314A(4)). The court did not impose a heightened duty of care, characterizing the duty as one of reasonable care. *See id.* (citing *Smith v. Miller*, 40 N.W.2d 597, 600 (Iowa 1950) ("When a sheriff, by virtue of his office, has arrested and imprisoned a human being, he is bound to exercise ordinary and reasonable care, under the circumstances of each particular case, for the preservation of his life and health." (citation omitted))).

Gerard cites *Daniels v. Williams*, 474 U.S. 327 (1986), in support of a heightened duty of care. There, an inmate filed a civil rights action under 42 U.S.C. § 1983 "to recover for back and ankle injuries allegedly sustained when he fell on a prison stairway." *Daniels*, 474 U.S. at 328. The court held the conduct did not amount to a constitutional deprivation, although it might have stated a claim for common law negligence. *Id.* at 332. In explaining the difference, the Court stated "lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person." *Id.* The Court did not adopt a special duty of care.

*Tinius v. Carroll County Sheriff Department*, 321 F. Supp. 2d 1064, 1084-85 (N.D. Iowa 2004), cited by Gerard, also is unavailing. There, the United

States District Court stated, "Iowa courts have determined that law enforcement officers have a duty of care to protect detainees from personal harm." *Tinius*, 321 F. Supp. 2d at 1084-85 (citing *Hildenbrand*, 369 N.W.2d at 415, and *Smith*, 40 N.W.2d at 598-600). The court continued, "Thus, when an individual is detained or placed in some sort of custody, *he is owed a common law duty of care*." *Id.* at 1085 (emphasis added).

We conclude the defendants owed Gerard an ordinary, common law duty of care. The district court did not err in declining to instruct the jury on a heightened duty of care. *See Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016) (setting forth standard of review).

## II.  *Substantial Evidence*

Gerard contends the jury verdict is not supported by substantial evidence. Gerard raised this issue in a new trial motion, which the district court denied. Because a challenge to the sufficiency of the evidence presents a legal question, our review of the court's ruling is for correction of errors at law. *Fry v. Blauvelt*, 818 N.W.2d 123, 128 (Iowa 2012).

The jury was instructed Gerard would have to prove the following propositions:

> 1. That Defendant Seymour was negligent in one or more of the following ways:
>> a. In failing to warn Plaintiff of an upcoming step; and/or
>> b. In failing to protect Plaintiff from falling down the step
> 2. The negligence was a cause of damage to the Plaintiff
> 3. The amount of damage.
> If the Plaintiff has failed to prove any of the numbered propositions, the Plaintiff is not entitled to damages. If Plaintiff has

proved all of these propositions, you will consider the defenses of comparative fault, as explained to you in Instruction Nos. 15-17.

Gerard asserts "the jury was instructed that the failure to warn was negligence" rather than simply "'evidence' of negligence." *See, e.g.*, *Winger v. CM Holdings*, *L.L.C.*, 881 N.W.2d 433, 445 (Iowa 2016) (discussing negligence "as a matter of law," e.g. negligence per se, as compared to evidence of negligence). In her view, the evidence was undisputed that Seymour failed to warn her of the step and, accordingly, "[n]o reasonable and unbiased jury could have . . . found" he was not at fault. Again, Gerard conflates several concepts: "negligence," "negligence per se," "specifications of negligence," and the duty of care.

"Negligence is a common-law tort that is generally defined as conduct that 'falls below the standard established by law for the protection of others against unreasonable risk of harm.'" *Seeman v. Liberty Mut. Ins. Co.*, 322 N.W.2d 35, 37 (Iowa 1982) (quoting Restatement (Second) of Tort*s* § 282). "An element of negligence is a duty or standard of care owed by the actor to the victim." *Id.* (citation omitted). "The duty or standard of care, statutory or otherwise, is merely an element of proof that comes into play after an action has been rightfully commenced pursuant to the preexisting common-law cause of action." *Id.* In other words, the concept of negligence includes the allegedly problematic conduct set forth in the specifications of negligence, as well as evidence that the conduct is inconsistent with the duty of care. *See Schroeder v. Albaghadadi*, 744 N.W.2d 651, 655 (Iowa 2008) ("For each act of negligence the court submits to the jury, it must tell the jury the legal duty owed by the defendant."); *Anderson v.*

*Webster City Cmty. Sch. Dist.*, 620 N.W.2d 263, 268 (Iowa 2000) (noting the district court gave instructions "that told the jury to specifically consider the standard of reasonable care in light of the particular specifications of negligence"). The negligence per se doctrine affords a "presumption that the defendant has violated the legal duty to exercise due care" where "a statute or regulation . . . provides a rule of conduct specifically designed for the safety and protection of a certain class of persons, and a person within that class receives injuries as a proximate result of a violation of the statute or regulation." *Wiersgalla v. Garrett*, 486 N.W.2d 290, 292 (Iowa 1992).

As the defendants point out, the negligence per se doctrine is inapplicable. This is a straightforward negligence case requiring proof of the specifications of negligence and violation of a duty of care. Although the failure-to-warn specification was undisputed, whether this conduct violated the "duty of ordinary care" set forth in a separate instruction was disputed and was for the jury to decide.

The jury reasonably could have found Seymour's conduct in failing to warn of the step did not violate this duty of care. The jury could have credited Seymour's testimony that he stayed close to Gerard and helped her walk down the hallway and she did not make it easy, with her "very sudden and abrupt" turn and her attempt to spit on him. As he stated, "I believe that everyone's safety is important, but just because I'm a police officer doesn't make me a biowaste receptacle or punching bag. I wanted to protect Ms. Gerard to the best of my abilities, but I can't control her behavior."

We conclude the district court did not err in declining to give Gerard's proposed instruction on negligence and in determining the jury's verdict was supported by substantial evidence.

**AFFIRMED.**