Larry D. SCHAEFER and Elaine M. Schaefer, Appellants,

v.

CERRO GORDO COUNTY ABSTRACT COMPANY, Appellee.

No. 93–1812.

Supreme Court of Iowa.

Dec. 21, 1994.

Edward N. McConnell of Babich, McConnell & Renzo, P.C., Des Moines, for appellants.

Rustin T. Davenport of De Vries, Price & Davenport, Mason City, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

LARSON, Justice.

These plaintiffs appeal from a summary judgment in favor of the defendant abstract company, which had failed to disclose the plaintiffs' recorded "option." We affirm.

In 1975, Larry and Elaine Schaefer, the plaintiffs, purchased approximately 229 acres of farmland from Arthur Firgard. An ad-

joining tract of approximately twelve acres was retained by Firgard. He agreed in writing to notify the plaintiffs of any proposed sale of this tract and agreed to give them the first opportunity to purchase it.

The plaintiffs recorded this "option" (actually a right of first refusal or right of pre-emption, *Knepper v. Monticello State Bank*, 450 N.W.2d 833, 836 (Iowa 1990)), in the recorder's office of Cerro Gordo County.

Firgard died in September 1988. His estate sold the acreage at a public auction on November 12, 1988. The defendant prepared an abstract, but it did not show the plaintiffs' recorded "option." The estate's sale to the auction buyer was completed on December 22, 1988. These buyers, in turn, resold the property several months later.

The plaintiffs made no claim against the estate for its failure to give notice under the recorded agreement, even though the four-month claims period did not expire until January 28, 1989. *See* Iowa Code § 633.410 (1987) (claims to be filed within four months from date of second publication of notice to creditors). Instead, the plaintiffs sued the abstract company on theories of negligence, interference with a prospective business advantage, and interference with a contract.

The defendant filed a motion for summary judgment, which the court sustained. The court held that, as to the negligence count, the defendant owed no duty to the plaintiffs. The court ruled that there was no disputed issue of fact concerning the claims of interference with a prospective business advantage and interference with a contract because of a failure to generate an issue as to any intent to injure the plaintiffs.

■ We review a summary judgment ruling for correction of errors at law. Iowa R.App.P. 4; *Fischer v. UNIPAC Serv. Corp.*, 519 N.W.2d 793, 796 (Iowa 1994). Summary judgment is appropriate only when the entire record before the court shows that there are no genuine issues of material fact and that the district court correctly applied the law. Iowa R.Civ.P. 237(c); *see Fischer*, 519 N.W.2d at 796; *see also Robert's River Rides, Inc. v. Steamboat Dev. Corp.*, 520 N.W.2d 294, 299 (Iowa 1994); *Hoefer v. Wis-*

*consin Educ. Ass'n Ins. Trust*, 470 N.W.2d 336, 338 (Iowa 1991).

■ The party resisting summary judgment "must set forth specific facts constituting competent evidence to support a prima facie claim." *Robert's River Rides*, 520 N.W.2d at 299 (quoting *Hoefer*, 470 N.W.2d at 339). The record on summary judgment includes the pleadings, depositions, affidavits, and exhibits. *See Fischer*, 519 N.W.2d at 796.

■ I. Although the Schaefers did not order the abstract, their lack of privity with the defendant does not preclude them from recovery. *See, e.g., Eldred v. McGladrey, Hendrickson & Pullen*, 468 N.W.2d 218, 220 (Iowa 1991) (certified public accountants may be liable to third parties who rely on their audits); *Ryan v. Kanne*, 170 N.W.2d 395, 402–03 (Iowa 1969) (rejecting privity doctrine insofar as it applies to known third parties who rely on audits).

In *Eldred*, 468 N.W.2d at 220, we adopted Restatement (Second) of Torts section 552 (1977) [hereinafter Restatement]:

(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered

(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

Claims against abstractors for similar omissions have been recognized by us, and by other courts, provided the plaintiff has reasonably relied on the abstract. *See Crawford Lumber Co. v. Abstract Guar. Co.*, 253 Iowa 705, 708, 113 N.W.2d 703, 704–05 (1962); *Young v. Lohr*, 118 Iowa 624, 626–28, 92 N.W. 684, 685–86 (1902). *See generally* 1 Am.Jur.2d *Abstracts of Title* §§ 27–28, at 389–91 (1994); William B. Johnson, Annotation, *Negligence in Preparing Abstract of Title as Ground of Liability to One Other Than Person Ordering Abstract*, 50 A.L.R.4th 314, 329–32 (1986). Reliance is also an express requirement of recovery under the Restatement. Restatement § 552(2)(b).

■ The plaintiffs in this case did not rely on the abstract; they did not purchase the land or extend credit for it. They contend only that the abstract did not protect their interest in the land. But their interest was already protected by our recording statutes. Only the buyers relied on the defendant's abstract, and they are not the plaintiffs.

The abstract company simply owed no duty to the plaintiffs. To recognize a claim under these facts would, as we noted in an earlier case, subject abstractors to "liability in an indeterminate amount for an indeterminate time to an indeterminate class." *See Eldred*, 468 N.W.2d at 220.

■ II. On their claim for interference with a contract, the plaintiffs must establish: (1) the existence of a valid contractual relation, (2) knowledge of the relationship, (3) intentional interference inducing or causing a breach or termination of the relationship, and (4) damages. *Robert's River Rides*, 520 N.W.2d at 303. Here, there was no evidence on which a fact finder could base a finding of the second and third elements (knowledge and intent).

■ III. With respect to the claim for intentional interference with a prospective business advantage, the Schaefers must show that the defendant intended to financially injure or destroy them. *Burke v. Hawkeye Nat'l Life Ins. Co.*, 474 N.W.2d 110, 114 (Iowa 1991); *Page County Appliance Ctr. v. Honeywell, Inc.*, 347 N.W.2d 171, 177 (Iowa

1984). This claim also requires actual knowledge of the prospective business advantage. *See Burke*, 474 N.W.2d at 114. Again, the record could not support such a claim, and the plaintiffs therefore failed to generate an issue of fact on which this claim could prevail.

We agree with the district court that no disputed issue of material fact was raised as to any of the claims, and summary judgment was therefore appropriate.

**AFFIRMED.**