Marsha **MORRIS**, Kevin Morris, and Richard Morris, Appellants,

v.

Jimmy Dale **LEAF**, Jr. a/k/a Jimmy Prince, Mark Stone, Richard Glade, and City of Des Moines, Iowa, Appellees.

No. 94–426.

Supreme Court of Iowa.

July 19, 1995.

Todd E. Babich of Babich, McConnell & Renzo, P.C., Des Moines, and Joseph L. Marks of Marks, Marks & Marks, for appellants.

Douglas P. Philiph, Asst. City Atty., Des Moines, for appellees.

Considered by McGIVERIN, C.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

LARSON, Justice.

This is an action brought to recover damages for injuries sustained when the car operated by one of the plaintiffs was struck by a driver who was attempting to elude a police officer. The district court granted summary judgment on the ground that the officer had no duty to protect the injured party from the negligent act of the fleeing motorist and that, as a matter of law, the officer's acts were not the proximate cause of the collision. We affirm.

We review a summary judgment ruling for correction of errors at law. Iowa R.App. P. 4; *Hameed v. Brown*, 530 N.W.2d 703, 706 (Iowa 1995); *Red Giant Oil Co. v. Lawlor*, 528 N.W.2d 524, 528 (Iowa 1995); *Schaefer v. Cerro Gordo Abstract Co.*, 525 N.W.2d 844, 846 (Iowa 1994). Summary judgment is appropriate only when the entire record before the court shows that there are no genuine issues of material fact and that

the district court correctly applied the law. Iowa R.Civ.P. 237(c); *see Fischer v. UNI-PAC Serv. Corp.*, 519 N.W.2d 793, 796 (Iowa 1994); *see also Robert's River Rides, Inc. v. Steamboat Dev. Corp.*, 520 N.W.2d 294, 299 (Iowa 1994). The party resisting summary judgment must set forth specific facts constituting competent evidence to support a prima facie claim. *Schaefer*, 525 N.W.2d at 846. Summary judgment is proper when the facts are undisputed, and the only question is the legal consequences flowing from these facts. *Hameed*, 530 N.W.2d at 707. The record on summary judgment includes the pleadings, depositions, affidavits, and exhibits. *Red Giant Oil*, 528 N.W.2d at 528.

The plaintiffs contend that summary judgment was not appropriate in this case because the high-speed chase in which the officer had engaged the fleeing driver (named Leaf) created the kind of special relationship that we have held is necessary to establish tort liability of a police officer. Additionally, the plaintiffs argue that the City is liable for the officer's actions under Iowa Code section 613A.2 (1989) ("[E]very municipality is subject to liability for its torts and those of its officers and employees, acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function.").

The City and its officer counter that summary judgment was appropriate because the plaintiffs failed to establish that the officer owed a duty to them, that the officer's actions were the proximate cause of their injuries, or that the officer's actions amounted to a reckless disregard for their safety. Furthermore, they maintain that policy considerations, such as the need for aggressive law enforcement, support nonliability in this case.

We have not previously ruled on the question of whether a police officer may be liable for injuries to third parties resulting from a high-speed chase. However, we have previously adopted the Restatement (Second) of Torts section 315 (1965) in the context of a police officer-citizen relationship and found no duty. *Sankey v. Richenberger*, 456 N.W.2d 206, 209 (Iowa 1990). Section 315 states:

There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless

(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or

(b) a special relation exists between the actor and the other which gives to the other a right to protection.

The plaintiffs maintain that there was a special relationship between them and the officer. The officer, they argue, had a duty to protect them that he breached by pursuing the suspect at high speed, and his pursuit of Leaf created the danger that resulted in the accident. They cite Iowa Code sections 321.231(3)(b) and 321.231(5) (1989), which provide:

3. The driver of a fire department vehicle, police vehicle, or ambulance may:

. . . .

(b) Exceed the maximum speed limits so long as the driver does not endanger life or property.

. . . .

5. The foregoing provision shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall the provisions protect the driver from the consequences of the driver's reckless disregard for the safety of others.

Section 321.231 makes reference to both "due regard," or negligence, and "reckless disregard"; therefore, the plaintiffs argue that the police should be held liable for negligence or, at least, recklessness.

Iowa courts have consistently held that law enforcement personnel do not owe a particularized duty to protect individuals; rather, they owe a general duty to the public. *See Mastbergen v. City of Sheldon*, 515 N.W.2d 3, 4–5 (Iowa 1994) (payment of monthly monitoring fee did not create duty owed by police to merchants); *Sankey*, 456 N.W.2d at 209–10 (police officer did not owe special duty to protect city council members from crazed gunman); *Hildenbrand v. Cox*, 369 N.W.2d 411, 417 (Iowa 1985) (police officer not liable for negligently failing to detect intoxicated driver who ultimately drove his car to his death); *Smith v. State*, 324 N.W.2d 299, 302 (Iowa 1982) (declining to recognize a tort for negligent investigation of a crime); *Hawkeye Bank & Trust Co. v. Spencer*, 487 N.W.2d 94, 96–97 (Iowa App.1992) (police promises of extra or special watches on citizen's property do not create exception to general rule of nonliability for negligence in investigating criminal activity).

The plaintiffs also rely on Iowa Code section 321.231 to support their claim that the officer owed them a duty. While section 321.231 provides that operators of emergency vehicles owe a duty to the public to drive safely, it is not the officer's manner of driving that is at issue here; it is his decision to pursue the fleeing suspect. Moreover, section 321.231 requires a level of culpability beyond mere negligence to support liability. The New York Court of Appeals recently interpreted a New York statute, which tracks the language of section 321.231, to require recklessness. *See Saarinen v. Kerr*, 84 N.Y.2d 494, 501, 620 N.Y.S.2d 297, 300, 644 N.E.2d 988, 991 (1994) ("[W]e hold that a police officer's conduct in pursuing a suspected lawbreaker may not form the basis of civil liability to an injured bystander unless the officer acted in reckless disregard for the safety of others."). In *Saarinen*, the New York court held that "the only way to apply the statute is to read its general admonition to exercise 'due care' in light of its more specific reference to 'recklessness.'" 84 N.Y.2d at 502, 620 N.Y.S.2d at 301, 644 N.E.2d at 992.

We interpret section 321.231 similarly. The plain language of section 321.231(5) provides that a police officer should not be civilly liable to an injured third party unless the officer acted with "reckless disregard for the safety of others." *See Stroup v. Reno*, 530 N.W.2d 441, 443 (Iowa 1995) ("We give precise and unambiguous language its plain and rational meaning...."); *Krull v. Thermogas Co.*, 522 N.W.2d 607, 612 (Iowa 1994) ("When the statutory language is plain and its meaning is clear, we should not reach for meaning beyond the statute's express terms or resort to rules of statutory construction."); *In re Marriage of Yanda*, 528 N.W.2d 642, 644

(Iowa App.1994) ("[A] statute must be construed to give effect to its plain language.").

We have previously recognized that assuring "police protection free from the chilling effect of liability for split-second decisions" is an important policy justification for curtailing liability. *See Sankey*, 456 N.W.2d at 210. As such, limiting personal liability for the consequences of high-speed chases to reckless rather than mere negligent conduct will provide for vigorous law enforcement without placing innocent bystanders at undue risk.

In order to prove recklessness as the basis for a duty under section 321.231(3)(b), we hold that a plaintiff must show that the actor has intentionally done an act of an unreasonable character in disregard of a risk known to or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. *See McGough v. Gabus*, 526 N.W.2d 328, 334 (Iowa 1995); *State v. Torres*, 495 N.W.2d 678, 681 (Iowa 1993); *see also* W. Page Keeton et al., *Prosser & Keeton on the Law of Torts* § 34, at 213 (5th ed.1984).

The plaintiffs also rely on Iowa Code section 670.2 to establish liability. That statute is general in its scope, making municipalities liable for the torts of their employees. However, that statute does not create liability for the acts of police officers that involve mere negligence and therefore do not provide a basis for liability of the employee personally. That is the case here; we find no duty owing from the employee to the public and therefore conclude that section 670.2 is inapplicable.

Here, the uncontroverted evidence in the summary judgment record was that the officer pursued Leaf at 2:15 in the afternoon, when traffic was not heavy. The weather was clear and the streets were dry. The officer followed Leaf only fast enough to keep his fleeing vehicle in sight. The Leaf vehicle had already been speeding when the officer decided to pursue it, and the officer was acting on orders from the station to pursue Leaf because of his involvement in a prior hit-and-run accident. His pursuit of Leaf was designed to stop Leaf "before he hurt anyone else."

The district court concluded that, as a matter of law, the police officer did not owe a duty to the plaintiffs, and we agree. It is therefore not necessary to address the other issues raised.

**AFFIRMED.**