Rollin HOFFERT, Appellee,

v.

Michael D. LUZE and City of
Aplington, Appellants.

No. 97–543.

Supreme Court of Iowa.

May 28, 1998.

Jim D. DeKoster and Beth E. Hansen of
Swisher & Cohrt, P.L.C., Waterloo, for ap-
pellants.

Lee M. Walker and John E. Billingsley of
Walker, Knopf & Billingsley, Newton, for
appellee.

Considered by HARRIS, P.J., and
CARTER, NEUMAN, SNELL, and
ANDREASEN, JJ.

SNELL, Justice.

In this appeal the primary issue argued is
what legal standard of care applies to the
driver of an ambulance being operated under
emergency conditions. Plaintiff, Rollin Hof-
fert, was injured in an automobile accident
involving an ambulance. Plaintiff claims the
ambulance driver was negligent and reckless.
The trial court dismissed the recklessness
count and submitted the negligence count to
the jury. The jury found the parties equally
at fault. On appeal by the defendants, we
reverse and remand.

I. Background Facts and Proceedings

Defendant Michael D. Luze is a volunteer
emergency medical technician for the defen-
dant City of Aplington. On January 19,
1995, Luze was operating an ambulance
owned by the City, transporting an individual
exhibiting heart attack symptoms from
Aplington to a hospital in Waterloo. At the
time of the accident, the ambulance was trav-
eling eastbound on Broadway Street in Wa-
terloo, a multi-lane divided highway with a
fifty-five mile per hour speed limit. Luze
was utilizing the ambulance's flashing lights,
but not the siren. Hoffert was traveling
northbound on an exit ramp from Iowa High-
way 218. The accident occurred at a "T"

intersection between the two roadways, which is controlled by traffic lights. When Luze approached the intersection, he saw he had a red light and applied his brakes. Luze saw the car in front of Hoffert's vehicle pass in front of him before he reached the intersection. He observed a gap of approximately five car lengths between the previous car and Hoffert's vehicle and thus released the brakes to proceed through the intersection. Luze saw Hoffert's car enter the intersection, but was unable to brake in time to avoid the collision. The ambulance hit the driver's side of Hoffert's car.

Hoffert filed suit, seeking recovery for personal injuries and property damage. He alleged Luze had been negligent in his actions and that the City was vicariously liable for Luze's actions. Luze and the City raised affirmative defenses premised on Iowa Code chapter 668 (1995) and sections 321.231, 670.4(11) and 670.12. Hoffert filed an amended petition asserting recklessness as an additional theory of recovery and as a basis for an award of punitive damages. The defendants asserted an additional affirmative defense in response to the claim for punitive damages under Iowa Code section 670.4(5).

Defendants filed a motion for summary judgment claiming: (1) defendants were immune under Iowa Code section 670.4(11) because Hoffert's claims arose out of acts or omissions in connection with an emergency response; (2) to the extent the immunity provided by section 670.4(11) may be limited by section 321.231, Luze was not reckless in his operation of the ambulance as a matter of law; and (3) defendants were immune from a claim for punitive damages under Iowa Code sections 670.4(5) and 670.12.

District Court Judge James L. Beeghly found there was insufficient evidence to support a finding of recklessness regarding Luze's operation of the ambulance and thus granted the motion for summary judgment with regard to Hoffert's claims for recklessness and punitive damages. However, the court denied defendants' motion for summary judgment based on Iowa Code sections 670.4(11) and 321.231 and the case proceeded to trial on Hoffert's claim of negligence. This court denied defendants' motion for interlocutory appeal.

At trial, Judge Todd E. Geer refused to reconsider Judge Beeghly's ruling on the motion for summary judgment as requested by both parties, concluding it established the law of the case. Defendants moved for a directed verdict at the end of Hoffert's case and at the close of all the evidence, which the court denied. The jury found both parties were negligent, attributing fifty percent fault to each party, and calculated Hoffert's damages as $127,196.55. The court entered judgment in favor of Hoffert for $63,598.28. Defendants filed a motion for judgment notwithstanding the verdict, which the court denied. Defendants filed notice of appeal of all adverse rulings of the district court. Hoffert does not appeal the district court's adverse rulings as to his recklessness and punitive damages claims.

II. Issue

Whether the district court erred in instructing the jury to decide liability based on a standard of negligence rather than recklessness.

III. Discussion

The main issue here involves the interplay of Iowa Code sections 670.4(11) and 321.231 and the resulting standard of care applicable to operators of emergency vehicles. Iowa Code section 670.2 is a general statute subjecting municipalities to liability "for its torts and those of its officers and employees acting within the scope of their employment or duties." Section 670.2 also includes within the definition of employee "a person who performs services for a municipality whether or not the person is compensated for the services." Therefore, Luze was an employee in this instance even though he worked as a volunteer.

Section 670.4 provides several exemptions from the liability imposed in section 670.2. Section 670.4 provides in pertinent part:

The liability imposed by section 670.2 shall have no application to any claim enumerated in this section. As to any such claim, a municipality shall be liable only to the extent liability may be imposed by the express statute dealing with such claims and, in the absence of such express statute,

the municipality shall be immune from liability.

. . . .

11. A claim based upon or arising out of an act or omission in connection with an emergency response including but not limited to acts or omissions in connection with emergency response communications services.

From the introductory paragraph to section 670.4, it appears, and the plaintiff argues, that section 321.231 is an express statute dealing with claims regarding emergency response vehicles. Therefore, Luze and the City can be held liable "only to the extent liability may be imposed by" section 321.231. Section 321.231 provides in pertinent part:

1. The driver of an authorized emergency vehicle, when responding to an emergency call or when in the pursuit of an actual or suspected perpetrator of a felony or in response to an incident dangerous to the public or when responding to but not upon returning from a fire alarm, may exercise the privileges set forth in this section.

. . . .

3. The driver of a fire department vehicle, police vehicle or ambulance may:

a. Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation.

b. Exceed the maximum speed limits so long as the driver does not endanger life or property.

4. The exemptions granted to an authorized emergency vehicle under subsection 2 and for a fire department vehicle, police vehicle or ambulance as provided in subsection 3 shall apply only when such vehicle is making use of an audible signaling device meeting the requirements of section 321.433, or a visual signaling device approved by the department. . . .

5. The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of the driver's reckless disregard for the safety of others.

Plaintiff argues the proper standard of care to be derived from section 321.231(5) is negligence, based on the wording "duty to drive *with due regard* for the safety of all persons." (Emphasis added.) Defendants argue that the latter portion of section 321.231(5) provides the pertinent standard of care: "nor shall such provisions protect the driver from the consequences of the driver's *reckless disregard* for the safety of others." (Emphasis added.) In its instructions to the jury, the court used a standard of negligence, to which the defendants objected. It is on this ground that they appeal.

Defendants cite *Morris v. Leaf*, 534 N.W.2d 388 (Iowa 1995), in support of their position that recklessness is the appropriate standard of care. In *Morris*, the plaintiff was injured when her car was struck by a vehicle driven by a suspect attempting to flee from the police. The suspect and the police were engaged in a high speed chase. *Morris*, 534 N.W.2d at 389. The district court granted summary judgment for the city and police officer on the ground that the officer had no duty to protect the injured party from the fleeing suspect and that the officer's acts were not a proximate cause of the collision. *Id.* On appeal, our court discussed the applicable standard of care, noting that section 321.231(5) mentions both "due regard," or negligence, and "reckless disregard." *Id.* We found that "[s]ection 321.231 requires a level of culpability beyond mere negligence to support liability." *Id.* We cited a New York Court of Appeals decision interpreting a similar statute in support of this conclusion. That court found that "the only way to apply the statute is to read its general admonition to exercise 'due care' in light of its more specific reference to 'recklessness.'" *Saarinen v. Kerr*, 84 N.Y.2d 494, 620 N.Y.S.2d 297, 300, 644 N.E.2d 988, 991 (1994). We concluded "that a police officer should not be civilly liable to an injured third party unless the officer acted with 'reckless disregard for the safety of others.'" *Morris*, 534 N.W.2d at 390 (citing *Saarinen*, 620 N.Y.S.2d at 300, 644 N.E.2d at 991). This conclusion appears reasonable based on the plain language of the statute. *See* Iowa Code § 321.231(5) ("[N]or shall such provisions protect the driver from the *consequences* of the driver's reckless disregard for the safety of others.") (emphasis added).

Plaintiff argues that *Morris* should be limited to its facts, specifically to the scenario of a high speed chase in which the plaintiff is injured by the fleeing suspect. Defendants argue that such a reading of *Morris* is too narrow and that our interpretation of section 321.231(5) providing a recklessness standard should apply in the case of a driver being struck by an emergency response vehicle as well.

### IV. Resolution

 The meaning of statutes is a legal question and our review is therefore at law. Iowa R. App. P. 4. A misstatement of the law in an instruction to the jury is reversible error. *Heldenbrand v. Executive Council of Iowa*, 218 N.W.2d 628, 637 (Iowa 1974).

Plaintiff urges that a proper reading of *Morris* and Iowa Code section 321.231 would provide immunity for an authorized emergency vehicle driver based on a standard of recklessness only if the plaintiff was injured by a third party, but not if injured by the person claiming immunity. Thus, immunity would not apply to the defendant in the instant case because the plaintiff was not injured by a thirty party, as in *Morris*. It is apparent from this reasoning that since an ambulance driver does not normally engage in chasing another vehicle, as did the police car driver in *Morris*, no application of the *Morris* interpretation would occur. Plaintiff also reads *Morris* as primarily a case deciding that the action by the police officer in chasing a speeding vehicle was not the proximate cause of injuries to the plaintiff. Finally, plaintiff argues that the language "consequences of the driver's reckless disregard for the safety of others," in Iowa Code section 321.231(5), is present for the purpose of permitting punitive damages for reckless conduct, not for establishing a standard for all cases of recklessness rather than negligence. Plaintiff notes that "reckless disregard" has long been associated with punitive damages. *See, e.g., Seraji v. Perket*, 452 N.W.2d 399, 401 (Iowa 1990); *Tratchel v. Essex Group, Inc.*, 452 N.W.2d 171, 176 (Iowa 1990). Plaintiff follows this argument with the assertion that, punitive damages for recklessness aside, he need only prove negligence to recover.

While our opinion in *Morris* decides the factual scenario presented there, our analysis of the purpose and intent of Iowa Code section 321.231 is broader than the limited situation of a police car chase and a plaintiff being injured by a fleeing suspect. We said:

> The plaintiffs also rely on Iowa Code section 321.231 to support their claim that the officer owed them a duty. While section 321.231 provides that operators of emergency vehicles owe a duty to the public to drive safely, it is not the officer's manner of driving that is at issue here; it is his decision to pursue the fleeing suspect. Moreover, section 321.231 requires a level of culpability beyond mere negligence to support liability.

*Morris*, 534 N.W.2d at 390.

In the case at bar, it is the manner of driving that is the issue. As in *Morris*, the level of culpability to retain the statutorily granted immunity is negligence. *Id.* Regarding the standard of recklessness we said:

> In order to prove recklessness as the basis for a duty under section 321.231(3)(b), we hold that a plaintiff must show that the actor has intentionally done an act of an unreasonable character in disregard of a risk known to or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. *See McGough v. Gabus*, 526 N.W.2d 328, 334 (Iowa 1995); *State v. Torres*, 495 N.W.2d 678, 681 (Iowa 1993); *see also* W. Page Keeton et al., *Prosser & Keeton on the Law of Torts* § 34, at 213 (5th ed.1984).

*Id.* at 391.

We also addressed the relevance of the statute on municipality liability, stating:

> The plaintiffs also rely on Iowa Code section 670.2 to establish liability. That statute is general in its scope, making municipalities liable for the torts of their employees. However, that statute does not create liability for the acts of police officers that involve mere negligence and therefore do not provide a basis for liability of the employee personally. That is the case here; we find no duty owing from the

employee to the public and therefore conclude that section 670.2 is inapplicable.

*Id.*

We find that our interpretation of these statutes relating to authorized emergency vehicles is applicable to an ambulance as well as to a police vehicle. Iowa Code section 321.1(6), covering definitions of words and phrases, includes in the definition of "authorized emergency vehicle," vehicles of the fire department, police vehicles, ambulances, and other emergency vehicles. There is no distinction stated in Iowa Code section 321.231 between driving a police car and driving an ambulance as authorized emergency vehicles concerning the standard of care that applies. Nor is any difference suggested by our discussion in *Morris*.

Plaintiff argues that our cases prior to *Morris* established a standard of care based on negligence rather than recklessness. He cites *Rush v. Sioux City*, 240 N.W.2d 431 (Iowa 1976); *City of Cedar Rapids v. Moses*, 223 N.W.2d 263 (Iowa 1974); and *Wetz v. Thorpe*, 215 N.W.2d 350 (Iowa 1974). These authorities predate the statutes at issue here and our interpretation in *Morris* and are therefore of no help to plaintiff. We overrule them as to the establishment of the standard of care applicable to drivers of authorized emergency vehicles.

We hold that the legal standard of care applicable to the conduct of an ambulance driver as a driver of an authorized emergency vehicle under Iowa Code section 321.231 is to drive with due regard for the safety of all persons, but the threshold for recovery for violation of that duty is recklessness, not negligence. The district court erred in its jury instruction on this issue which requires a reversal. Because of our resolution of this issue, we do not consider other issues raised on the appeal.

The district court granted defendants' summary judgment motion with regard to plaintiff's claims of recklessness and for punitive damages. No appeal was taken from the ruling so we do not order a new trial.

The case is reversed and remanded for entry of judgment for defendants.

**REVERSED AND REMANDED.**