# IN THE COURT OF APPEALS OF IOWA

No. 18-1974
Filed June 5, 2019

**WILLIAM McCLELLAN, RACQUEL McCLELLAN, Individually and as Next Friend for Minor Child, R.B.,**
     Plaintiffs-Appellants,

**vs.**

**PABLO ORLANDO RAMIREZ, and the CITY OF DUBUQUE, IOWA,**
     Defendants-Appellees.
_____

     Appeal from the Iowa District Court for Dubuque County, Monica Zrinyi Wittig, Judge.

     William McClellan and Racquel McClellan, individually and as next friend for minor child R.B., appeal the district court order entering summary judgment in favor of the defendants. **REVERSED AND REMANDED.**

     David A. O'Brien of Dave O'Brien Law, Cedar Rapids, for appellants.

     Les V. Reddick and Todd L. Stevenson of Kane, Norby & Reddick, P.C., Dubuque, for appellees.

     Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

William McClellan and Racquel McClellan, individually and as next friend for their minor child R.B., appeal the district court order entering summary judgment in favor of the defendants on their claim for damages arising from a collision with a police vehicle. They challenge the district court's application of law regarding municipal immunity and its determination concerning the existence of an emergency at the time of the collision. Concluding that a negligence, not recklessness, standard applies, we reverse and remand for further proceedings.

**I. Background Facts and Proceedings.**

On February 28, 2016, the McClellan family was driving in a Dodge Neon traveling south on Garfield Avenue in Dubuque when they were struck by a northbound police Chevrolet Tahoe SUV driven by Dubuque police officer Pablo Ramirez. The undisputed facts show that at 10:11:09 a.m. Officer Ramirez was dispatched to the scene of an assault in progress. The dispatch was a "Code 1" emergency response requiring the use of emergency lights and sirens pursuant to Dubuque Police Department policy. Officer Ramirez engaged his vehicle's emergency lights and siren as he responded to the call. While en route, Officer Ramirez was informed that the call was downgraded to a "Code 2" rapid response, in which the officer has discretion in the use of emergency lights and siren under the department's policy. Officer Ramirez reached into the center console and turned off the lights and siren. Shortly thereafter, at 10:12:00 a.m., while still on the way to the scene of the assault, Officer Ramirez attempted to turn left from Garfield Avenue onto Johnson Street and struck the front of the oncoming McClellan vehicle. An ambulance was dispatched to the scene at 10:13:00 a.m.

The McClellans filed suit individually and on behalf of their child against Officer Ramirez and the City of Dubuque, alleging Officer Ramirez was negligent in a number of respects. In their answer, the defendants alleged they were immune from liability under the provisions of Iowa Code section 670.4(1)(k) (2016) (exempting a municipality from municipal liability for "[a] claim based upon or arising out of an act or omission in connection with an emergency response"). The parties filed dueling motions for summary judgment. The district court concluded that the defendants were immune from liability and granted summary judgment in their favor. The McClellans appealed.

## II. Scope and Standard of Review.

We review the district court's grant of summary judgment for correction of errors at law. *See Barker v. Capotosto*, 875 N.W.2d 157, 161 (Iowa 2016). To succeed on a motion for summary judgment, the moving party must show the material facts are undisputed and, applying the law to those facts, the moving party is entitled to judgment as a matter of law. *See id.*; *Nelson v. Lindaman*, 867 N.W.2d 1, 6 (Iowa 2015). Therefore, our review is limited to two questions: (1) whether there is a genuine dispute regarding the existence of a material fact, and (2) whether the district court correctly applied the law to the undisputed facts. *See Homan v. Branstad*, 887 N.W.2d 153, 164 (Iowa 2016).

## III. Discussion.

The district court found:

[Officer Ramirez's] actions were not reckless in disengaging his lights and sirens as he was in the process of turning onto Johnson Street. His decision was made within split seconds as is evident from the times of the dispatch records. His conduct falls directly within the

statutory law and cases cited herein as to the rationale in providing immunity for officers such as Officer Ramirez.

The court concluded there was,

> no genuine issue of material fact in the review of the course of the split second decision made by Officer Ramirez in the course and scope of his duty to respond to an emergency call concerning a domestic abuse assault that was going on when he turned from Garfield Avenue to Johnson Street.

The McClellans contend the district court erred in finding Officer Ramirez's actions were in response to an emergency and in applying the recklessness standard.

With regard to the response-to-an-emergency issue, the McClellans argue Ramirez's failure to engage the vehicle's emergency lights or siren at the time of the collision is indicative of the absence of an emergency. The district court rejected this argument, finding no dispute that Ramirez was initially responding to an emergency call. The court cited *Stych v. City of Muscatine*, 655 F. Supp. 2d 928, 935 (S.D. Iowa 2009), in which the court held that the immunity exception provided in section 670.4(1)(k) applies if an emergency exists at any time during the events in question.

The evidence provided in support of the defendants' motion for summary judgment indicate that Ramirez was responding to an emergency. The Dubuque Police Department policy on "Code Response" states:

> 1. **EMERGENCY RESPONSE** Proceed to scene immediately, using emergency equipment (lights & siren) as appropriate. Response may be delayed only when life is threatened to a higher degree.
> 2. **RAPID RESPONSE** Proceed to scene immediately, ensuring safe operation of the patrol vehicle, with due regard for the safety of all persons. The use of emergency equipment (lights, with siren optional) shall be limited and used only when necessary to make response timely. Response may be delayed when hazards requiring action are observed.

3. **Code 1** and **Code 2**[1] responses would generally fall under the definition of an "Emergency Call" as defined in Iowa Code section 321.231.

4. **NORMAL RESPONSE**  Proceed to the scene as soon as possible, obeying all posted traffic regulations.  Response may be delayed for normal public safety actions, if response would not be seriously affected.

5. **DELAYED RESPONSE**  Proceed to the scene in a timely manner before the end of the shift.  Response may be delayed for any routine problem judged by the officer to require attention.

Ramirez was providing a Code 2 or rapid response to the scene at the time of the collision, which the Dubuque Police Department considers to be an emergency call pursuant to section 321.231.  We agree the undisputed facts show Ramirez was responding to an emergency call at the time of the collision.

We next address the McClellans' recklessness-standard issue.  With certain exceptions, "every municipality is subject to liability for its torts and those of its officers and employees, acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function."  Iowa Code § 670.2(1).  This includes liability for claims based on an officer or employee's negligence.  *See id.* § 670.1(4). One of the exceptions to this provision is for claims "based upon or arising out of an act or omission in connection with an emergency response."  *Id.* § 670.4(1)(k).  In such cases, "a municipality shall be liable only to the extent liability may be imposed by the express statute dealing with such claims."  *Id.* § 670.4(1).

Iowa Code section 321.231 is an express statute dealing with claims regarding emergency response vehicles.  Therefore, Officer Ramirez and the City

---

[1] It appears that Code 1 is the emergency response outlined in paragraph 1 and Code 2 is the rapid response outlined in paragraph 2.

can be held liable "only to the extent liability may be imposed by" section 321.231. *Hoffert v. Luze*, 578 N.W.2d 681, 683 (Iowa 1998). The statute sets forth certain exceptions from the rule of the road that drivers of emergency vehicles may exercise when responding to emergency calls. *See* Iowa Code § 321.231(1). For instance, a driver of an emergency vehicle may "[d]isregard laws or regulations governing direction of movement for the minimum distance necessary before an alternative route that conforms to the traffic laws and regulations is available." *See id.* § 321.231(2)(b).

The legislature has determined that the exceptions granted in section 321.231 "do not relieve the driver of an authorized emergency vehicle . . . from the duty to drive . . . with due regard for the safety of all persons, nor shall such provisions protect the driver . . . from the consequences of the driver's . . . reckless disregard for the safety of others." *Id.* § 321.231(5). Our supreme court has determined that this provision allows recovery against a driver of an emergency vehicle who violates the duty to drive with due regard for the safety of others. *See Hoffert*, 578 N.W.2d at 685. However, the standard of care is one of recklessness rather than negligence. *See id.* (overruling the negligence standard of care stated in *Rush v. Sioux City*, 240 N.W.2d 431 (Iowa 1976), *City of Cedar Rapids v. Moses*, 223 N.W.2d 263 (Iowa 1974), and *Wetz v. Thorpe*, 215 N.W.2d 350 (Iowa 1974), all of which predated the statutes at issue); *see also Morris v. Leaf*, 534 N.W.2d 388, 390 (Iowa 1995) ("The plain language of section 321.231(5) provides that a police officer should not be civilly liable to an injured third party unless the officer acted with 'reckless disregard for the safety of others.'"). The district court applied the recklessness standard in determining the defendants are immune from liability.

The McClellans argue that the defendants are not entitled to immunity under section 670.4 since the statutory exemptions from the rules of the road only apply if Officer Ramirez had his siren or lights activated at the time of the collision.[2] Section 321.231(4) requires the activation of an emergency vehicle's lights or sirens in order for the exemptions granted under subsections (2) and (3) to apply to the driver of an emergency vehicle. Iowa Code § 321.231(4).

Officer Ramirez was not making use of an audible or visual signaling device at the time he was driving and struck the McClellan car. He therefore, by the plain language of Iowa Code section 321.231(4), was not privileged to disobey applicable traffic laws. *See* Iowa Code § 321.230. (stating the provisions of chapter 321 are applicable to all to drivers of all vehicles on the highways owned and operated by any city, "*subject to such specific exceptions as are set forth in this chapter with reference to authorized emergency vehicles*" (emphasis added)). The code provision still sets out the standard of care that must be taken when an emergency vehicle is responding: to drive with due regard for the safety of all persons—a negligence standard.

If the emergency responder uses emergency lights or siren, the threshold for recovery is recklessness. The use of those lights or siren allows an emergency responder to speed and to disobey traffic control devices and, therefore, allows the responder to use less care than would be required of a driver not privileged to disobey rules of the road. It would be inconsistent, then, to hold the responder to a standard of negligence after permitting the responder to disobey traffic rules.

---

[2] Because Ramirez's emergency lights and siren were off at the time he turned left across a lane of oncoming traffic, he was cited for failing to yield while making a left turn.

The use of the emergency lights and/or siren gives notice to other drivers on the road that an emergency vehicle is approaching. Other drivers are then required by law to pull over to avoid interfering with the emergency vehicle. *See id.* § 321.324.

Officer Ramirez's decision not to use his emergency lights or siren was a decision *not* to give that notice to other drivers on the road. His decision deprived him of the privilege to disobey the rules of the road. He is therefore held to a standard of negligence, as any other driver on the road. *See id.* § 321.230; *Kisling v. Thierman,* 214 Iowa 911, 915, 243 N.W. 552, 554 (1932) (adopting general rule that violation of rules of the road in statutes or ordinances constitute negligence per se). The district court erred in holding otherwise.

It is well-settled that questions of negligence are ordinarily for the jury—only in exceptional cases should a question of negligence be decided as a matter of law. Iowa R. App. P. 6.904(3)(j); *Clinkscales v. Nelson Sec., Inc.,* 697 N.W.2d 836, 841 (Iowa 2005); *see also Virden v. Betts & Beer Constr. Co.*, 656 N.W.2d 805, 807 (Iowa 2003) (noting summary judgment is usually inappropriate in negligence cases). This is not the exceptional case and summary judgment on the question of Officer Ramirez's negligence is premature, particularly in view of the undeveloped record presented.

Accordingly, we reverse the order granting summary judgment in favor of the defendants and remand to the district court.

**REVERSED AND REMANDED.**