# IN THE COURT OF APPEALS OF IOWA

No. 21-1834
Filed December 21, 2022

**MARK DOUGLAS MORGAN,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Thomas Bitter, Judge.

Mark Douglas Morgan appeals the summary dismissal of his pro se application for postconviction relief. **AFFIRMED.**

David James Hanson of Hofmeyer & Hanson, P.C., Fayette, for appellant.

Thomas J. Miller, Attorney General, and John R. Lundquist, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., Schumacher, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**SCOTT, Senior Judge.**

Mark Douglas Morgan appeals the summary dismissal of his pro se application for postconviction relief (PCR). Because Morgan has not alleged facts entitling him to PCR, the district court did not err in dismissing the PCR application.[1]

On September 3, 2020, Morgan filed a handwritten PCR application alleging he was "serving prison sentences for various sex offenses"; he has served twenty-one years of his sentences with a tentative discharge date of July 3, 2023; he completed the state-mandated sex-offender treatment program on July 28, 2020; and his case was referred to the Iowa Attorney General's (AG) office on September 28, 2020, for consideration of whether Morgan should be civilly committed under chapter 229A (2020), the AG had not acted on the referral, "he has a clear statutory liberty interest in meeting the qualifications for parole, and the State is denying him this liberty interest by failing to promptly review his case."

On September 15, the district court—without notice—dismissed the PCR application stating:

> Th[e] application does not identify the proceeding in which the Applicant was convicted or the date of the conviction, as required by Iowa Code Section 822.4. Further, the application does not allege any of the grounds enumerated under Iowa Code section 822.2(1). Lastly, the Applicant indicates he has been in prison for [twenty-one] years. As such, his application was filed more than three years after the conviction and therefore violates Iowa Code section 822.3.

---

[1] On February 17, 2022, the supreme court, on its own motion, required the parties to address the issue of the dismissal of the application without notice to either party by the district court. The State responded. Morgan did not respond. Because Morgan has not moved for reversal on this ground, we do not address the matter in this opinion.

Morgan filed a motion to reconsider, enlarge, or amend in which he stated he was convicted in 2001 of specified charges, he was serving a fifty-year term with no mandatory minimum, and he has submitted his PCR application pursuant to Iowa Code section 822.2(1)(e), (f), and (h).[2]  Specifically, Morgan alleges his

> parole release has been unlawfully revoked; [he] is otherwise unlawfully held in custody; the results of DNA profiling ordered pursuant to an application filed under section 81.10 would have changed the outcome of trial, or void the factual basis of a guilty plea had the profiling been conducted prior to the conviction.

He also asserted the three-year filing is not applicable, and he was relying on *Belk v. State*, 905 N.W.2d 185 (Iowa 2017), and *Franklin v. State*, 905 N.W.2d 170 (Iowa 2017), in which the Iowa Supreme Court "clarified that the district court does have jurisdiction, and that the proper method to bring these claims is a PCR filed in the county of conviction."  He also noted Iowa's parole statute is like the Montana parole statute, which the United States Supreme Court in *Board of Pardons v. Allen*, 482 U.S. 369 (1987), found had created a liberty interest of gaining access to parole once all the mandated prerequisites were completed.  The court summarily denied the motion to reconsider on November 10.

---

[2] Paragraphs (e), (f), and (h) of section 822.2(1) allow a PCR application to be filed if a convicted person claims:

> e. The person's sentence has expired, or probation, parole, or conditional release has been unlawfully revoked, or the person is otherwise unlawfully held in custody or other restraint.
> f. The person's reduction of sentence pursuant to sections 903A.1 through 903A.7 has been unlawfully forfeited and the person has exhausted the appeal procedure of section 903A.3, subsection 2.
> . . . .
> h. The results of DNA profiling ordered pursuant to an application filed under section 81.10 would have changed the outcome of the trial or voided the factual basis of a guilty plea had the profiling been conducted prior to the conviction.

Morgan appeals, contending the court erred in dismissing his application as time-barred and the court should have accepted as true all the well-pleaded facts.[3] Morgan argues that because of the AG's "unconscionable delay" in acting on the board of parole's referral to consider whether the AG intended to seek a civil commitment, he is being deprived of the ability to be paroled. Fundamentally, his complaint is against the AG's office.

A PCR proceeding is a civil action, which we review for correction of errors of law. Iowa R. App. P. 6.907. Generally, we review dismissals based on a motion to dismiss.[4] There was no motion to dismiss here—the court dismissed the application sua sponte without notice to either party.

"[I]t appears to be generally recognized trial courts may sua sponte dismiss where the case has not been diligently prosecuted, where issues have become moot, [or] where the court discovers it lacks jurisdiction." *Rush v. Sioux City*, 240 N.W.2d 431, 438–39 (Iowa 1976) (internal citations omitted), *overruled on other grounds by Hoffert v. Luze*, 578 N.W.2d 681 (Iowa 1998). Yet, our supreme court has "emphasized the need to exercise this authority sparingly." *Teleconnect Co.*

---

[3] He also contends we should require the parole board to act to vindicate the court's authority and his liberty interests. We do not reach the merits of Morgan's claims. The question before us is limited to whether the district court improperly dismissed the PCR application.

[4] Iowa Code section 822.6(1) provides:

> Within thirty days after the docketing of the application, or within any further time the court may fix, the state shall respond by answer or by motion which may be supported by affidavits. At any time prior to entry of judgment the court may grant leave to withdraw the application. The court may make appropriate orders for amendment of the application or any pleading or motion, for pleading over, for filing further pleadings or motions, or for extending the time of the filing of any pleading. In considering the application the court shall take account of substance regardless of defects of form.

*v. Iowa State Com. Comm'n*, 366 N.W.2d 515, 519 (Iowa 1985). Iowa Code section 822.6(1) provides, "In considering the application the court shall take account of substance regardless of defects of form."

Iowa Code section 822.6 allows the district court to dismiss a PCR application in limited circumstances:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that *the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings*, the court may indicate to the parties its intention to dismiss the application and the reasons for dismissal. *The applicant shall be given an opportunity to reply* to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if a material issue of fact exists.

(Emphases added.)

The State "acknowledges that the court is to accept as true the allegations contained in [Morgan's] pleading and all reasonable inferences in his favor drawn therefrom." *See Belk*, 905 N.W.2d at 188 ("The application does not have to allege ultimate facts supporting each element of the cause of action, but it 'must contain factual allegations that give the [State] "fair notice" of the claim asserted so the [State] can adequately respond to the application.' The application meets the 'fair notice' requirement 'if it informs the [State] of the [events] giving rise to the claim and of the claim's general nature.' We view the applicant's allegations 'in the light most favorable to the [applicant] with doubts resolved in that party's favor.'" (alterations in original) (internal citations omitted)).

The essence of Morgan's PCR application is that he is being unlawfully held in custody or unlawfully deprived of a liberty interest in the chance at parole by the

AG's failure to act on the board of parole's notice of Morgan's tentative discharge date.[5]  On appeal, Morgan summarizes:

> This [PCR] appeal challenges the illegal and unconstitutional "slow-walk" of Appellant's qualification for parole.  Despite his having completed sex offender behavioral treatment, Appellant cannot obtain a parole hearing due to the Board's undue deference to Iowa [AG]'s position: before parole may be considered (the [AG]) must first decide whether or not to prosecute Appellant for involuntary committal under Code chapter 229A.

The State asserts the dismissal was proper because "neither the parole release decisions nor chapter 229A civil commitment proceedings fall within the authority of the postconviction court to hear under Iowa Code section 822.2."  We agree.

Morgan does not claim the department of corrections has failed to offer sex offender treatment program (SOTP) and thus does not fall within the court's *Belk* ruling.  *See* 905 N.W.2d at 190–91 (noting "[w]e have allowed postconviction-relief actions to challenge SOTP classification decisions, work release revocations, and disciplinary actions involving a substantial deprivation of liberty or property interests" and holding "an inmate may proceed under Iowa Code section 822.2(1)(e) when alleging an unconstitutional denial of his or her liberty interest based on the [department of correction's] failure to offer SOTP when SOTP is a necessary prerequisite to parole").  In fact, Morgan alleges he has completed SOTP.  Rather, Morgan's claim is directed at the AG's office and its failure to decide whether it will seek to file a civil petition for Morgan's commitment as a

---

[5] The allegations included in his motion to reconsider that parole release has been unlawfully revoked and the results of DNA profiling ordered pursuant to an application filed under section 81.10 would have changed the outcome of trial are not asserted on appeal, so we do not discuss them further.

sexually violent predator under chapter 229A. He asserts the AG's inaction is delaying the board of parole from considering him for parole because of the board's undue deference. Even assuming the facts alleged by Morgan are true, we are not persuaded section 822.1 offers him a path to relief. *See Doe v. State*, 688 N.W.2d 265, 268–71 (Iowa 2004) (affirming the dismissal of an inmate's PCR application and rejecting claims that the chapter 229A process violated various constitutional rights).[6]

In *Belk*, the court was not convinced by the State's assertions that an administrative appeal was the proper way to challenge the SOTP issue because the court stated the applicant's "complaint is really with the [the department of corrections] rather than the [board of parole]." 905 N.W.2d at 191; *see also id.* at 192 ("[I]t is important to note, Belk's claim is not about the actions of the [board of parole] in denying him parole. Rather, Belk is claiming the actions of the [department of corrections]—in delaying his access to SOTP based on his tentative discharge date and then recommending against his parole to the [board of parole] because of his failure to complete SOTP—has unconstitutionally violated his

---

[6] The court wrote

> We initially question the factual basis for Doe's argument that he has been denied a timely decision on whether he qualifies for consideration for possible work release. Under the statute, prison officials are not required to initiate any inquiry regarding the inmate's classification for [sexually violent predator act] purposes until ninety days prior to the inmate's anticipated discharge date. Because Doe's anticipated discharge date is not until December 29, 2005, the referral of his case to the attorney general was well before the ninety days provided by statute. Any deprivation of Doe's consideration for early release has therefore been visited upon him by the statute—not the DOC policy.

*Doe*, 688 N.W.2d at 268–69.

protected liberty interest.").  The same is not true here, so we affirm the dismissal of Morgan's PCR application.

**AFFIRMED.**